494

418, 85 L.Ed. 577. Upon submission of the matter on those terms in the present case, obviously the motion would have to be denied. In the second case, where the proceeding was for summary judgment, it was said that the proceeding could not be regarded as a trial. Prudential Ins. Co. of America v. Goldstein, D.C.E.D.N.Y., 43 F. Supp. 767, 768, first full paragraph of left hand column. See also Lucking v. Delano, 74 App.D.C. 134, 122 F.2d 21, 22, and Somers Coal Co. v. United States, D.C. N.D.Ohio, 2 F.R.D. 532, 533. Hence, if the holdings in the Prudential-Goldstein case be accepted, upon literal application of the words to rule 12(h), it would mean that determination of whether the defenses are good must be postponed until the final trial (now set for next October) is reached.

On the other hand, rule 56(a) provides that the plaintiff (Hepworth), who is the "party seeking to recover upon a claim," at any time after service of the answer thereto, may "move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." The language quoted seems to me to be unambiguous and to sustain the course adopted by Hepworth in making its motion for summary judgment.

Some support for the view just stated also will be found in Dysart v. Remington-Rand, Inc., D.C.D.Conn., 31 F.Supp. 296, 297. There, in substance, it was held that it is within the discretion of the court, in advance of trial, to determine an objection that a special defense fails to state a legal defense. See also Hartford Accident & Indemnity Co. v. Flanagan, D.C.S.D.Ohio, 28 F.Supp. 415, 416 (2d column), 417 (1st column), 421. In the latter case the plaintiff moved for summary judgment on the pleadings, the affidavits and other documents. The defendant joined in the motion and both motions were acted on; but the question of practice was not mentioned.

Apparently there is no ruling squarely in point. Certainly there is some confusion, and perhaps some conflict, in the opinions I have examined. Nevertheless, I am persuaded that it is within this court's discretion in advance of the trial to pass on the legal sufficiency of the defenses assailed. Otherwise, the plain language of rule 56(a), supplemented by the Dysart case, would be disregarded and read out of existence.

John A. Dundas, of Los Angeles, Cal., and Myer C. Symonds and Doris B. Marasse, both of San Francisco, Cal., for plaintiff.

Sidney M. Ehrman, F. M. McAuliffe, L. C. Baker, and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for defendants.

GOODMAN, District Judge.

To the complaint for treble damages filed by plaintiff, pursuant to § 205(e)

of the Emergency Price Control Act of 1942, Pub.Law 421, 77th Congress, 2nd Sess., 56 Stat. 23, 50 U.S.C.A. Appendix, § 925(e), defendant, by its answer, pleaded nine separate special defenses. Plaintiff moves to dismiss and strike the second, fifth, sixth, seventh, eighth, ninth and tenth special defenses. The fifth and sixth defenses question the validity of the regulations and price schedules issued by the plaintiff. Under § 204(d) of the Act, this Court lacks jurisdiction of this issue. The seventh special defense is in the nature of a general demurrer. The eighth, ninth and tenth defenses urge the unconstitutionality of the Emergency Price Control Act. The Supreme Court has decided adversely to defendant's contention. Yakus v. United States (Rottenberg v. United States), 64 S.Ct. 660; Bowles v. Willingham, 64 S.Ct. 641.

The motion to dismiss and strike the fifth, sixth, seventh, eighth, ninth and tenth defenses is granted.

The second special defense pleads estoppel on the part of plaintiff to maintain this action. The Court is of the opinion that the second special defense is not so rigid and inclusive as to preclude resort to evidence. "The Court should have open to it a wider vista than presented to it within the four corners of the pleading" before determining the important question as to whether the defendant should be shut off from presenting the second special defense. Montgomery Ward & Co. v. Schumacher, D.C.Cal., 3 F.R.D. 368; Kaus v. Huston, D.C., 35 F.Supp. 327.

Rule 12(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizes the Court in the case of motions to dismiss and similar pleadings to defer hearing and determination thereof until the time of trial. In the interests of justice, decision with respect to the sufficiency and materiality of the second special defense pleaded by the defendant should not be made in this case solely upon the basis of the language of the pleading.

The motion to dismiss and strike the second special defense is denied without prejudice to its renewal at the time of trial at which time the materiality of both the pleading and the evidence offered in support thereof may be justly and fairly adjudicated.

**CRINER et al. v. MICRO–WESTCO, Inc., et al.**

Civil Action No. 81.

District Court, S. D. Iowa, Davenport Division.

April 11, 1944.

A. G. Bush, of Davenport, Iowa, for plaintiffs (respondents here).

Merrill M. Blackburn, of Davenport, Iowa, for defendants (movants here).