**WOLFE et al. v. NATIONAL LEAD CO. et al.**

No. 29500.

United States District Court
N. D. California, S. D.

Feb. 4, 1953.

**62**

Joseph L. Alioto and Maxwell Keith, San Francisco, Cal., Elwood S. Kendrick, Los Angeles, Cal., for plaintiffs.

Robert E. Burns, Crimmins, Kent, Draper & Bradley, San Francisco, Cal., and James D. Ewing, Milton Handler and Eugene Z. Dubose, New York City, of counsel, for defendant National Lead Co.

Marshall P. Madison, John A. Sutro, Eugene D. Bennett, James Michael, Pillsbury, Madison & Sutro, San Francisco, Cal., and Nestor S. Foley and Covington & Burling, Washington, D. C., for defendant E. I. du Pont de Nemours & Co.

GOODMAN, District Judge.

Plaintiffs have sued for treble damages under 15 U.S.C.A. § 15. Pre-trial proceedings have been had and are continuing, preparatory to trial, now set for May 4, 1953.

At pre-trial conference held on December 12, 1952, there was presented, argued and thereafter submitted on briefs, a motion of defendants to strike from the complaint and for a pre-trial ruling, excluding at the trial, all reference by plaintiffs to U. S. v. National Lead Co., D.C.S.D.N.Y.1945, 63 F.Supp. 513, affirmed 1947, 332 U.S. 319, 67 S. Ct. 1634, 91 L.Ed. 2077.

In U. S. v. National Lead Co. et al., supra, an equity suit, defendants were charged with violations of 15 U.S.C.A. § 1 and § 2. On October 11, 1945, a final decree was entered enjoining defendants from certain illegal conduct, cancelling certain cartel agreements and ordering issuance of certain patent licenses.

In December 1945, plaintiffs organized a company to manufacture paints, but did not actually commence manufacturing until May 1946. In the complaint herein, plaintiffs set up the final decree in U. S. v. National Lead Co., supra, and claim that it is admissible as prima facie evidence against defendants "as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto". 15 U.S.C.A. § 16.

Plaintiffs do not contend that the prohibited conduct, which resulted in the equity decree, itself damaged them. Nor do they contend that they suffered damage due to subsequent acts of defendants which violated the decree.

But they do claim, in substance, that defendants' illegal conduct prior to October 11, 1945 caused a "condition" which persisted thereafter in the form of what is described as a "lingering effect." This, they say, resulted in the actionable damage of which they complain. It is upon this basis that they urge that they should have the benefits of 15 U.S.C.A. § 16.

Defendants urge, contra, that 15 U.S.C.A. § 16 is available only when there is concomitance between the conduct which results in an equitable decree or criminal conviction and the conduct which results in private damage.

The cases appear to sustain defendants' contention.[1] The authorities cited by plaintiffs are logically, if not indeed readily, distinguishable.[2] At any rate,

1. Inter alia, see: Buckeye Powder Co. v. E. I. Du Pont Powder Co., 1918, 248 U. S. 55, 39 S.Ct. 38, 63 L.Ed. 123; Shotkin v. General Elect. Co., 10 Cir., 1948, 171 F.2d 236; Tilden v. Quaker Oats

Co., 7 Cir., 1924, 1 F.2d 160; Brownlee v. Malco Theatres, D.C.W.D.Ark. 1951, 99 F.Supp. 312.

2. Inter alia, see: Rankin Co. v. Associated Bill Posters of U. S., 2 Cir., 1930,

they do not seem to me to sustain plaintiffs' contention.

■■ The infirmity of plaintiffs' contention arises, in some degree at least, from a misapprehension as to the difference between a "public wrong" and a "private wrong" under the anti-trust laws. By § 1 and § 2 of Title 15, agreements, contracts or conspiracies as to forbidden practices are made public wrongs and may be dealt with accordingly. *Damage* to a private person caused by violation of § 1 or § 2 is a "private wrong." 15 U.S.C.A. § 15. A private person has no right to complain of a violation of § 1 or § 2, as such, nor does such a violation per se give rise to a private cause of action. Burnham Chemical Co. v. Borax Consolidated, 9 Cir., 1948, 170 F.2d 569. It is only when a violation of § 1 or § 2 causes *damage* that a cause of action inures to private benefit and then only to the extent of the trebled amount of such damage. Consequently, forbidden acts cannot be relevant unless they *cause* private damage.

But those issues do not appear to me to be fully determinable in the pre-trial stage.

■ To strike those important allegations from the complaint in the pre-trial stage is drastic and might completely prevent consideration of the cause on the merits. Despite the emphatic statement of plaintiffs' counsel, that plaintiffs' cause can be made out without the benefit of 15 U.S.C.A. § 16, I am of the view that without such benefit, the plaintiffs might well find their burden too heavy to sustain. It will be time enough to finally rule on the motion to strike from the complaint at the time of trial. The broader view of a cause afforded by evidence is almost indispensible to the proper administration of justice when deciding an issue as important as this.[3] Therefore, the court will reserve ruling on this part of the motion until trial.

■■ But the motion for a pre-trial ruling excluding reference to the equity decree by plaintiffs at the trial, requires different treatment.

The nature of the evidence which plaintiffs may produce at the trial is not now definitely known. It may be of such a character that, at some stage of the trial reference to the decree, or its admission in evidence, may become relevant and proper. To rule now would be to rest decision on speculation and conjecture. Needless to say, that is neither necessary nor in the interests of justice.

The interests of justice and of the parties will best be served by the adoption by the court of a rule of procedure for the trial. Wherefore, the court makes the following Rule:

*Rule of Trial Procedure No. 1.*

"Neither the plaintiffs nor their counsel shall make any reference in the presence of the jury to the case of U. S. v. National Lead Co. or to the findings or decree therein, until such time, if at all, as the court shall so determine."[4]

42 F.2d 152; Eastman Kodak Co. v. Southern Photo Material Co., 1927, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Milgram v. Loew's Inc., 3 Cir., 1951, 192 F.2d 579; Milwaukee Towne Corp. v. Loew's, Inc., 7 Cir., 1951, 190 F.2d 561; B. B. Chemical Co. v. Ellis, 1942, 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. 367; Twentieth Century Fox Corp. v. Brookside, 8 Cir., 1952, 194 F.2d 846; Fanchon & Marco v. Paramount Pictures, D. C.S.D.Cal.1951, 100 F.Supp. 84; Emich

Motor Corp. v. Gen. Motors Corp., 1951, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534.

3. See Montgomery Ward & Co. v. Schumacher, D.C.N.D.Cal.1944, 3 F.R.D. 368; Bowles v. Bissinger, D.C.N.D.Cal.1944, 3 F.R.D. 494. Also cf. Rule 12(d). Rules of Civil Procedure, 28 U.S.C.A.

4. Order of proof is in the power of the court to control. See Anglo California National Bank of San Francisco v. Lazard, 9 Cir., 1939, 106 F.2d 693, 705.