## SKOURAS THEATRES CORPORATION et al., Plaintiffs,

v.

## RADIO–KEITH–ORPHEUM CORPORATION et al., Defendants.

United States District Court
S. D. New York.
July 13, 1953.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for plaintiffs. By Adolph Kaufman, New York City.

O'Brien, Driscoll & Raftery, New York City, Attorneys for defendants Radio-Keith-Orpheum Theatres, Inc., and RKO Theatres Corporation. By George A. Raftery, New York City.

Donovan, Leisure, Newton & Irvine, New York City, for defendants RKO Radio Pictures, Inc., RKO Pictures Corporation and Radio-Keith-Orpheum Corporation. By James V. Hayes, New York City.

R. W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc., and Warner Bros. Pictures Distributing Corp.

Schwartz & Frohlich, New York City, for defendants Columbia Pictures Corp., Stanley Warner Corp. and Warner Bros. Circuit Management Corp., now known

as Stanley Warner Management Corp. By Everett Frohlich, New York City.

Adolph Schimel, New York City, for defendants, Universal Pictures Company, Inc., and Universal Film Exchanges, Inc.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corporation. By Seymour Peyser, New York City.

Simpson, Thacher & Bartlett, New York City, for Paramount Pictures, Inc. (in dissolution), Paramount Pictures Corp., Paramount Film Distributing Corp. and American Broadcasting-Paramount Theatres, Inc. By Albert Bickford, New York City.

McGOHEY, District Judge.

The defendants move to strike the complaint for failure to comply with subdivisions (a) (2) and (e) (1) of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; or in the alternative to strike parts of the complaint pursuant to Rule 12(f).

The action, in which trial by jury is demanded, seeks treble damages aggregating about $88 million for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, and an injunction.

The defendants assert that the complaint contains 35,000 words. While the Court has not undertaken to verify that count, there is no reason to doubt its substantial accuracy. The document consists of 124 printed pages containing 291 separately numbered paragraphs of which many contain numerous lengthy subparagraphs.

The plaintiffs' claims appear to be that they were severally damaged by local unlawful combinations among the defendants; that these combinations were organized, operated and managed pursuant to and as part of the larger nation-wide conspiracy found and enjoined in United States v. Paramount Pictures;[1] and that the alleged unlawful acts have continued since the entry of the decree in that case. If that be their claim, they are of course entitled to plead it and at the trial to rely on the Paramount decree to the extent permitted by the statute[2] and decisions.[3] But in order to do this it is neither necessary nor permissible to quote testimony or to recite in detail the evidence, the findings of fact and the conclusions of law in Paramount; or to argue the interpretation and legal effects thereof, as this complaint does at great length. Neither is it necessary or appropriate to plead the reasons for the formation or dissolution of various corporations. This adds nothing to the statement of these claims. Moreover, no appropriate purpose of pleading is served by declamatory subheadings like those on pages 15, 22, 23, 33, 44, 49, 53 (the first), 107 and 109.

The Federal Rules of Procedure were drawn and adopted in order to achieve simple and concise statements of claims and defenses with consequent simplification of the issues between litigants. Achievement of this goal in cases such as this is hopelessly beyond attainment if, as here, the rules are disregarded.

The motion to dismiss is granted but with leave to file an amended complaint which conforms with the rules.

Settle order.

1. D.C., 66 F.Supp. 323, Id., D.C., 70 F. Supp. 53, Id., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, Id., D.C., 85 F.Supp. 881.

2. § 5 Clayton Act, 15 U.S.C.A. § 16.

3. See Emich Motors Corp. v. General Motors, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534; Monticello Tobacco Co. v. American Tobacco Co., 2 Cir., 197 F.2d 629, certiorari denied 344 U.S. 875, 73 S.Ct. 168, 97 L.Ed. 678.