**NORMANDIE AMUSEMENT CORPO-RATION, Plaintiff,**

v.

**LOEW'S Incorporated et al., Defendants.**

United States District Court
S. D. New York.
Jan. 18, 1954.

Moses H. Hoenig, New York City, Gorfinkel & Adler, Yonkers, N. Y., Alan B. Adler, Frederick J. Adler, Yonkers, N. Y., of counsel, for plaintiff.

O'Brien, Driscoll & Raftery, New York City, for defendants RKO Theaters and RKO Keith Orpheum Theaters, Inc.

J. Robert Rubin, New York City, for defendant Loew's, Inc.

Donovan, Leisure, Newton, Lumbard & Irving, New York City, for defendants RKO Radio Pictures, Inc., et al.

Schwartz & Frolich, New York City, for defendants Columbia Pictures Corp. and Warner Bros. Circuit Management Corp.

Robert W. Perkins, New York City, for defendant Warner Bros. Picture Distributing Corp.

Herbert B. Lazarus, New York City, for defendants United Paramount Theaters, Inc., et al.

Austin Keough, New York City, for defendants Paramount Pictures, Inc., et al.

Phillips, Nizer, Benjamin & Krum, New York City, for defendant United Artists Corp.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendant 20th Century Fox Film Corp.

WEINFELD, District Judge.

As indicated at the hearing attended by counsel, the following disposition is made of the motion to quash with respect to the revised subpoena duces tecum:

Item 1—Delete "Bronx, Brooklyn, Queens or Westchester" and change date from "September 1, 1944" to "September 1, 1945";

Item 5—Delete "New York City and Westchester" in (a) and (b) and insert "Manhattan" and change date from "September 1, 1944" to "September 1, 1945";

Items 2, 3, 4, 6, 8 and 9—Withdrawn;

Item 7—Disallowed.

The motion to strike various allegations contained in the amended complaint with respect to the Paramount decree is granted except those alleging the entry of the Paramount decree or decrees, to which may be added, if plaintiff so desires, an allegation that it intends to rely upon the same pursuant to 15 U.S.C.A. § 16[1]. No comment or interpretation is to be made with respect to the said decrees.

The motion to strike is granted specifically as follows:

Paragraph 6.a.—third sentence;

Paragraph 6.e.—second sentence;

Paragraph 6.f.—second sentence;

Paragraph 8.c.—second sentence;

Paragraph 8.d.—second sentence;

Paragraph 20.a.—"in manner as found in United States v. Paramount Pictures [334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260], as hereinafter more specifically alleged, and otherwise.";

Paragraphs 24 to 31, inclusive;

All titles and subtitles appearing in the complaint are stricken. They form no part of the pleading.

Settle order on notice.

1. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., D.C.S.D.N.Y., 2 F.R.D. 305. Skouras Theatres Corporation v. Radio-Keith-Orpheum Corporation, D.C. S.D.N.Y., 19 F.R.D. 151, relied upon by the defendants, is not to the contrary. Indeed, Judge McGohey stated that the defendants were entitled to plead and re-ly upon the Paramount decree to the extent permitted by the statute and decisions, but excluded the recital in detail of the evidence, the findings of fact, the conclusions of law or interpretations thereof by plaintiff's counsel. See also Wolfe v. National Lead Co., D.C.N.D. Cal., 15 F.R.D. 61.