**NEW DYCKMAN THEATRE CORPORATION**

v.

**RADIO-KEITH-ORPHEUM CORPORATION et al.**

United States District Court
S. D. New York.
Jan. 25, 1955.

William Gold, New York City, for plaintiff.

O'Brien, Driscoll & Raftery, New York City, George A. Raftery, New York City, of counsel, for defendants Radio-Keith-Orpheum Theatres, Inc., and RKO Theatres Corp.

R. W. Perkins, New York City for defendants Warner Bros. Pictures, Inc. and Warner Bros. Pictures Distributing Corp.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants Twentieth Century-Fox Film Corp. (New York) and Twentieth Century-Fox Film Corp. (Delaware).

Donovan, Leisure, Newton & Irvine, New York City, James V. Hayes, New York City, of counsel, for defendants RKO Radio Pictures, Inc., RKO Pictures Corp., and Radio-Keith-Orpheum Corp. (dissolved).

Schwartz & Frohlich, New York City, Everett Frohlich, New York City, of counsel, for defendants Stanley Warner Corp. and Warner Bros. Circuit Management Corp., now known as Stanley Warner Management Corp.

Adolph Schimel, New York City, for defendants Universal Pictures Co., Inc., and Universal Film Exchanges, Inc.

DAWSON, District Judge.

The motion to strike that part of paragraph 1(a) of the amended complaint which reads "and the 'Robinson-Patman Act'" is granted.

The motion to strike the amended complaint in its entirety and the motion to strike from the complaint allegations, except that hereinabove mentioned, is denied.

■ In the memorandum submitted by attorneys for the defendants on the motion, they state: "The amended complaint, as it now stands, with its broad allegations, presents the same vice as the original complaint in that the defendants would be subjected to interrogatories and depositions in respect to situations existing all over the United States that have no relationship to the true issue in this case." Counsel should be aware of the fact that in the order entered on September 27, 1954, on the motion to strike the original complaint, D.C., 16 F.R.D. 203, it is ordered "that 60 days after the joinder of issue by the service of answers by the defendants herein, a preliminary pretrial hearing before this Court will be held, at which time the issues set forth in the amended complaint and answers will be particularized and the bounds of permissible discovery, interrogatories, inspection and production of documents, depositions and subpoenas formulated."

■ A proper use of pre-trial procedure should make it possible to restrict and limit interrogatories and depositions to matters which are directly relevant to the amended complaint and the answers.