**FEDERAL SHOE Inc. and Federal Sport Shoe Inc.**

v.

**UNITED SHOE MACHINERY CORPORATION.**

Civ. A. No. 55–515.

United States District Court
D. Massachusetts.

April 25, 1956.

Isadore H. Y. Muchnick, James H. Brock, James M. Malloy, Malloy, Sullivan & Myerson, Boston, Mass., for plaintiffs.

John L. Hall, Conrad W. Oberdorfer, Choate, Hall & Stewart, Dever & Proctor, Edward O. Proctor, Boston, Mass., for defendant.

FORD, District Judge.

This is a private anti-trust action under § 4 of the Clayton Act, 15 U.S.C.A. § 15, in which defendant moves to strike certain matters from the complaint.

Titles or subheadings have been inserted in the complaint before paragraphs 1, 3, 4, 5, 12, 16, and following paragraph 17. These are properly no part of the complaint and add nothing to it: Where objection has been made to such subheadings in cases of this type they appear to have been uniformly ordered stricken. Normandie Amusement Corp. v. Loew's, Inc., D.C., 140 F.Supp.

**210**

257; Vilastor Kent Theatre Corp. v. Brandt, CCH. 1954 Trade Cases, § 67,-691. Identical motions have been allowed in this court in Compo Shoe Machinery Corp. v. United Shoe Machinery Corp., 19 F.R.D. 215 and Allied Shoe Machinery Corp. v. United Shoe Machinery Corp., D.C., 19 F.R.D. 181.

██ Paragraphs 12, 13, 14, and 15 set forth in some detail the proceedings in United States v. United Shoe Machinery Corp., D.C., 110 F.Supp. 295, affirmed 347 U.S. 521, 74 S.Ct. 699, 98 L. Ed. 910, including a lengthy statement of the charges, the findings of the court, and the terms of the final decree. Defendant likewise objects to a portion of paragraph 11, reciting the findings and injunction in the government case dealing with deferred payment charges. Under § 5 of the Clayton Act, 15 U.S.C.A. § 16, some or all of this material may be admissible at the trial as prima facie evidence of violation of the anti-trust laws by the defendant. Its inclusion in the complaint is, however, improper as a detailed pleading of evidentiary matter. Most of the cases dealing with this problem have, however, allowed plaintiffs to include in the complaint a simple allegation of the entry of the decree and of plaintiffs' intention to rely on it. Cf. Normandie, Compo, and Allied cases, supra.

██ In paragraph 16, defendant objects to inclusion of the statement that the acts charged to it were "to the injury of the public". This is no part of the plaintiffs' case, since they are suing here only to recover for damage to themselves. Plaintiffs argue that they included the phrase only because they believe it was a necessary part of their case. Kinnear-Weed Corp. v. Humble Oil & Refining Co., 5 Cir., 214 F.2d 891; Shotkin v. General Electric Co., 10 Cir., 171 F.2d 236. All that these cases hold, however, is that to state a case under 15 U.S.C.A. § 15, plaintiffs must allege acts of defendant which not only injured plaintiffs but which also injured the public interest, in that they violated some provision of the anti-trust laws. It is these facts, and not a statement of plaintiffs' conclusion as to them, which is required.

Defendant's motion to strike certain matter from the complaint is allowed with leave to plaintiffs to amend to allege the entry of the decree in United States v. United Shoe Machinery Corp., and plaintiffs' intent to rely on it.