**COUNTY THEATRE COMPANY,**
Plaintiff,

v.

**PARAMOUNT FILM DISTRIBUTING CORPORATION; Loew's, Inc., Columbia Pictures Corporation; Universal Film Exchanges, Inc., Warner Bros. Pictures Distributing Corporation; RKO Radio Pictures, Inc., Twentieth Century-Fox Film Corporation; United Artists Corporation.**

Civ. A. No. 21133.

United States District Court
E. D. Pennsylvania.

Oct. 4, 1956.

934

Morris L. Weisberg, and Harry Norman Ball, Philadelphia, Pa., for plaintiff.

Arlin Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

WELSH, District Judge.

■ 1. Defendants' Motion to Dismiss plaintiff's claim under the Robinson-Patman Act, Act of Congress of June 19, 1936, 15 U.S.C.A. § 13, is granted for the following reasons: (a) licensing of motion picture films (which is involved here) is not subject to the provisions of said Act, United States v. United Shoe Machinery Company, D.C., 264 F. 138, affirmed 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708; Hillside Amusement Company v. Warner Bros., D.C.S.D.N.Y.C.A. No. 50–183, November 4, 1953, and New Dyckman Theatre Corporation v. Radio-Keith-Orpheum, D.C.S.D.N.Y., January 25, 1955, 20 F.R.D. 36; (b) said Act requires an injury to competition and under the allegations of plaintiff's complaint it is admitted that the subject of the allegedly discriminatory practices was not a competitor, Chicago Sugar Company v. American Sugar Refining Company, 7 Cir., 176 F.2d 1, Krug v. International Telephone & Telegraph Corporation, CCH.Trade Reg. (Current) par. 68,387, S.D.N.J.1956, 142 F. Supp. 230 and Toulmin Antitrust Law In The United States, Volume V, p. 781 and (c) the actions against the various defendants under said Act involve different transactions and subject matter and should properly be brought against each defendant individually, Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C. and Baim & Blank, Inc., v. Warren-Connelly Company, Inc., CCH. Trade Reg. (Current) par. 68,388 D.C. S.D.N.Y.1956, 19 F.R.D. 108.

2. Defendants' motion to dismiss the remainder of plaintiff's complaint for the reason that the allegations contained therein fail to state a cause of action under the Antitrust Laws of the United States is denied without comment.

■ 3. Defendants' motion to strike paragraphs 8, 9, 10, 11, 12, 13, 14 and 15 of plaintiff's complaint, which refers to United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260 is granted and leave is hereby granted to plaintiff to file an amended complaint alleging that there was a government action against some of the defendants (naming them), that decrees were entered and that plaintiff intends to rely thereon pursuant to 15 U.S.C.A. § 16 (a).[1] New Dyckman Theatre Corporation v. Radio-Keith-Orpheum Corporation, S.D.N.Y., C.A.No. 93–398, opinion dated March 1, 1955; Normandie Amusement Corporation v. Loew's, Incorporated, et al., D.C., 140 F.Supp. 257 and Zsirzseri v. Columbia Pictures et al., C.A.No.20,056, E.D.Pa., Judge Kraft's order dated May 21, 1956.

Judge Dawson's opinion of March 1, 1955 in the New Dyckman case, supra, was addressed specifically to the question of striking references to United States v. Paramount Pictures substantially similar to those in the instant case. His opinion is deemed pertinent and we therefore quote from it extensively:

"The question as to whether references to the Paramount decree

[1] "(a) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title."

may properly appear in an action for triple damages against the defendants, or some of them, who were parties to the Paramount decree, has been before the Court on several occasions. In Vilastor Kent Theatre Corp., et al v. Henry Brandt, et al., Civ.No.90–65, unreported, Judge Ryan struck out the references to the Paramount decree from the complaint on the ground that such matter was purely evidential and not proper in a complaint. In Normandie Amusement Corporation v. Loew's, et al. Civ.No. 82–333, unreported [D.C., 140 F.Supp. 257], Judge Weinfeld stated: 'The motion to strike various allegations in the amended complaint with respect to the Paramount decree is granted except those alleging the entry of the Paramount decree or decrees, to which may be added, if plaintiff so desires, the allegation that it intends to rely upon the same pursuant to 15 U.S.C.A. § 16. No comment or interpretation is to be made with respect to the said decree'

The nature of the evidence which plaintiff may produce at the trial is not now known. It may be of such a character that at some stage of the trial, reference to the decree or its admission in evidence may become relevant and proper. The time for the admission of the decree as a matter of evidence and, indeed, the time concerning which any reference to the decree may be made in the presence of the jury are matters for the Trial Judge, or possibly for determination in a pre-trial order."

In Zeirzseri v. Columbia Pictures et al., supra, defendants moved to strike portions of plaintiffs' complaint relating to United States v. Paramount Pictures. The alleged damage period involved was subsequent to the date testimony was completed in the Paramount case and subsequent to the decrees. In an order dated May 21, 1956 our associate Judge Kraft granted defendants' motion to strike.

4. An order pursuant to the preceding opinion will be prepared and submitted.