INDEPENDENT THEATRES, INC., Plaintiff,

v.

AMERICAN BROADCASTING–PARAMOUNT THEATRES, INC., et al., Defendants.

United States District Court
S. D. New York.

Nov. 27, 1959.

William Gold, New York City, for plaintiff.

Royall, Koegel, Harris & Caskey, New York City, for defendant Twentieth Century-Fox Film Corp. (Delaware).

Benjamin Melniker, New York City, for defendant Loew's Incorporated.

Leonard Kaufman, New York City, for defendant Paramount Pictures Corp.

Howard Levinson, New York City, for defendants Warner Bros. Pictures, Inc., and Warner Bros. Pictures Distributing Corp.

Jerome Golden, New York City, for defendants American Broadcasting-Paramount Pictures, Inc. and Wilby-Kincey Service Corp.

Charles F. Young, New York City, for defendant Citation Films, Inc.

Adolph Schimel, New York City, for defendants Universal Pictures Co. and Universal Film Exchanges, Inc.

WEINFELD, District Judge.

Rule 8(a) (2) of the Federal Rules of Civil Procedure requires that a

pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. The liberality of pleading permitted by Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319, neither overcomes the Rule nor does it justify the inclusion in the complaint of such matters, for example, as what a defendant proposed for inclusion in the Paramount decree or references to applications which may have been made for modification of the decree.

The complaint is interlarded with numerous other allegations of an evidential nature touching upon the decree, alleged violations thereof, and alleged reasons for happenings thereunder. These serve no useful purpose as far as the plaintiff's claim is concerned. On the other hand, the repeated references to the decree and alleged violations may well be prejudicial to the defendants. Plaintiff's claim must rest upon alleged violation of the antitrust statutes and not upon any claimed violation of the decree.

Plaintiff should plead the ultimate fact claim and not evidentiary details allegedly supporting it. If the defendant achieved, as plaintiff alleges in paragraph 37 of its complaint, a "position of monopoly, dominance and control of the first-run exhibition field in Chattanooga", this can be pleaded simply and directly without an allegation such as that now contained therein starting:

"Thus, in direct violation of its express representation in the decree * * *."

While the plaintiff may be entitled upon the trial to avail itself of the Paramount decree with respect to facts necessarily adjudicated in that action (defendants here challenge plaintiff's right to rely on the decree but this issue need not now be decided), it is not entitled to honeycomb its complaint with evidential references to various alleged incidents prior, incidental, and subsequent, to the entry of the decree and alleged violations thereof. Even the Nagler case did not look kindly upon the practice of pleading evidential matter. If plaintiff relies, in support of its claim, upon a fact or circumstance which occurred prior to, contemporaneously with, or subsequent to the entry of the decree, the fact can be stated without reference to the decree itself.

What the precise issues are that were determined against the defendants under the Paramount decree are for the Trial Court to decide as a matter of law, not for the plaintiff's counsel to interpret in a pleading. Emich Motors Corp. v. General Motors Corp., 1951, 340 U.S. 558, 571, 71 S.Ct. 408, 95 L.Ed. 534.

Accordingly, all references to the Paramount decree are ordered stricken under Rule 12(f) of the Federal Rules of Civil Procedure on the ground that they are immaterial and irrelevant in pleading the claim. Paragraphs 37 and 40 are so drawn that it will be necessary to replead them.

Plaintiff in serving an amended complaint may, if so advised, allege the entry of the decree and that it intends to rely thereon pursuant to Title 15 U.S. C.A. § 16. Normandie Amusement Corp. v. Loew's Inc., D.C.S.D.N.Y.1954, 140 F.Supp. 257.