287 F.Supp. 744 (1968)
FEDERATED DEPARTMENT STORES, INC., Plaintiff,
v.
GRINNELL CORPORATION, American District Telegraph Company, Holmes Electric Protective Company and Automatic Fire Alarm Company of Delaware, Defendants.
[And twenty other actions, as set forth in the Notice of Motion, bearing the Index Numbers shown opposite.]
67 Civ. Nos. 2249, 2258, 2259, 2476, 2477, 2478, 2594, 2595, 2596, 2606, 2610, 2612, 2615, 2616, 2621, 2622, 2940, 3820, 4433, 4719, 4720.
United States District Court S. D. New York.
May 10, 1968.
*745 Weil, Gotshal & Manges, New York City, Ira M. Millstein, Carl D. Lobell, New York City, of counsel and Arnold & Porter, Washington, D. C., Jack Lipson, Washington, D. C., of counsel, for plaintiff, Federated Department Stores, Inc.
Howrey, Simon, Baker & Murchison, Washington, D. C., William Simon, J. Wallace Adair, Richard T. Colman, Washington, D. C., of counsel and Marvin Fenster, New York City, for plaintiff, R. H. Macy & Co., Inc.
Liebman, Eulau, Robinson & Perlman, New York City, Herbert Robinson, Lewis M. Dabney, Jr., New York City, of counsel, for plaintiffs, City Stores, Zale Corporation, Allied Stores Corporation and W. T. Grant Co.
Parker, Chapin & Flattau, New York City, Alvin M. Stein, Barry J. Brett, Philip J. Heyman, New York City, of counsel, for plaintiffs, Cunningham Drug Stores, Inc., Federal's Inc., Arlan's Dept. Stores, Inc., Russ Togs, Inc., Interstate Department Stores, Inc., Swank, Inc., Berkey Photo, Inc., Spartans Industries, Inc.
Gould & Wilkie, New York City, M. Wade Kimsey, New York City, of counsel, for plaintiffs, Associated Dry Goods Corporation et al.
Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, Asa D. Sokolow, Renee J. Roberts, New York City, of counsel, for plaintiff, The May Department Stores Co.
Solinger & Gordon, New York City, Eugene H. Gordon, John C. Grosz, New York City, of counsel, for plaintiff, Gimbel Bros.
Halperin, Shivitz, Scholer & Steingut, New York City, Peter A. Eisenberg and Kenneth K. Pustilnik, New York City, of counsel, for plaintiff, Howard Harlem, Inc., et al.
Rubin, Wachtel, Baum & Levin, New York City, Abraham G. Levin, Stanley L. Sklar, Joseph Taubman and Max Wild, New York City of counsel, for plaintiffs, Lerner Corporation, S. Klein Department Stores, Inc., and McCrory Corporation.
Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, Denis G. McInerney, New York City, of counsel, for defendant Grinnell Corporation.
*746 Kelley, Drye, Newhall, Maginnes & Warren, New York City, Bud G. Holman, New York City, of counsel, for defendant, Holmes Electric Protective Co.
White & Case, New York City, MacDonald Flinn, Thomas McGanney, New York City, of counsel, for defendant, American District Telegraph Co.
Stickles, Hayden, Kennedy, Hort & Van Steenburgh, New York City, Gerhard Nagorny, New York City, of counsel, for defendant, Automatic Fire Alarm Co. of Delaware.

OPINION
COOPER, District Judge.
This is one of a series of 73 motions each seeking an order, pursuant to Rule 12(f), F.R.Civ.P., striking from the complaints in 21 actions, premised on alleged violations of the antitrust laws, (1) copies of opinions in a prior civil antitrust action entitled United States v. Grinnell Corp. (Civil Action 2785 in the United States District Court for the District of Rhode Island), (2) references to the proceedings therein and (3) the words "co-conspirators" and "co-monopolists."
The United States, on April 13, 1961, instituted Civil Action 2785 in the United States District Court for the District of Rhode Island (hereinafter referred to as "the Government case") seeking injunctive relief against the identical four defendants named in the present 21 actions for alleged violations of the antitrust laws.[1] On November 27, 1964, Judge Charles E. Wyzanski, Jr. filed an opinion, 236 F.Supp. 244, in which he found that the defendants had violated sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. The United States Supreme Court, on June 13, 1966, affirmed the district court's decision as to defendants' liability, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778, and remanded the case for further hearings on the nature of the relief to be granted. On July 11, 1967, the district court filed its judgment, which, by its terms, became effective on November 1, 1967.
Plaintiffs in these 21 pending cases seek treble damages for alleged violations of the antitrust laws, and each of their complaints refers to the charges in the Government case and incorporates by reference Judge Wyzanski's comprehensive opinion. In ten of the cases,[2] plaintiffs append the entire district court opinion to their complaints, and in two of the cases,[3] plaintiffs append the entire Supreme Court opinion. Also, in all but eight of the complaints,[4] the words "co-conspirators" or "co-monopolists" appear.
In order to avoid needless repetition, we have decided to summarize our views in one opinion by which we dispose of all questions raised by each of the 73 motions.
Treating first those portions of the motions dealing with references to, and appendices of, the opinions in the Government case, we hold that although it would have been preferable had plaintiffs whittled down all references to the Government case by merely alleging the entry of a decree and plaintiffs' intention to rely upon that decree pursuant to section 5(a) of the Clayton Act, 15 U.S. C. § 16(a), the complaints in the 21 actions do not, strictly and mechanically speaking, overstep the boundaries of proper pleading. Although we would be inclined to strike the appended opinions from the complaints, we follow the weight of modern authority to the effect that in so-called "big" cases, "little is accomplished from attempting to prune complaints at this stage; they should be left intact unless matter is alleged whose materiality is highly unlikely." Atlantic City Electric Co. v. General Electric *747 Co., 207 F.Supp. 620, 624 (S.D.N.Y. 1962). See Nagler v. Admiral Corp., 248 F.2d 319, 326-327 (2d Cir. 1957).
As to the test for determining materiality on a motion to strike, it is well settled that "[b]efore it may be determined that a portion of a complaint is immaterial it must clearly appear that the matter alleged can have no possible bearing on the issues of the trial * * *." Fleischer v. A. A. P., Inc., 180 F.Supp. 717, 721 (S.D.N.Y.1959).
Clearly it cannot be said that the matter in the instant complaints relating to the Government case is immaterial. Section 5(a) of the Clayton Act, 15 U. S.C. § 16(a), provides in pertinent part:
A final judgment or decree * * * in any civil or criminal proceeding brought by * * * the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action * * * brought by any other party against such defendant under said law * * *, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto * * *.
Plaintiffs will be entitled at trial to introduce the prior judgment to establish prima facie all matters of fact and law decided in the Government case. What was actually decided by the prior judgment
* * * must be determined by the trial judge hearing the treble-damage suit, upon an examination of the record, including the pleadings, the evidence submitted, * * * and any opinions of the courts. * * * It is the task of the trial judge to make clear to the jury the issues that were determined against the defendant in the prior suit. Emich Motors Corp. v. General Motors Corp., 340 U. S. 558, 569, 571, 71 S.Ct. 408, 95 L.Ed. 534 (1951).
The trial judge, then, must examine the entire record in the Government case, including the district and Supreme Court opinions, in order to be in a position to instruct the jury on those issues which were decided against defendants by the former Government litigation. Since the application of section 5(a) must thus await the trial of these actions, we hesitate at this early stage of the litigation to strike from the complaints either the references to the prior opinions or the actual opinions themselves. Surely the findings and conclusions of Judge Wyzanski will have some bearing upon the issues at the trial. Their precise impact, however, is not to be measured now, on a motion to strike. Thus, far from being immaterial, the opinions in the Government action, whether incorporated by reference or attached to the complaints as exhibits, relate directly to plaintiffs' intentions to rely at trial on section 5(a).
Even if we were satisfied that the matter in the complaints relating to the Government action was immaterial, it is settled law in this District that "immaterial allegations, and likewise verbose, conclusory, or evidentiary allegations, need not be stricken unless their presence in the complaint prejudices the defendant." Fleischer v. A. A. P., Inc., supra, 180 F.Supp. at 721. See 2A J. Moore, Federal Practice § 12.21[2] at 2318 (2d ed. 1967). In the last analysis, the complaints are confined to matters of public record.
On the issue of prejudice, defendant Automatic Fire Alarm Company of Delaware (Memorandum of Law, p. 13) relies on the following statement from the Atlantic City Electric case, supra, 207 F.Supp. at 628-629: "It is true that the possibility of prejudice to defendants from these allegations may not be great. However, in view of the overwhelming authority on the point, defendants' motion [to strike] is granted in this respect."
It must be noted, however, that this proposition was enunciated in the context of references in complaints to judgments entered after pleas of nolo, and that the courts, holding that such judgments are not to be given prima facie *748 effect under section 5(a), have consistently struck from complaints references to such judgments. See, e. g., Alden-Rochelle, Inc. v. American Society of Composers, Authors & Publishers, 3 F.R.D. 157 (S.D.N.Y.1942). Where section 5(a) is operative, however, as in the portion of Atlantic City Electric dealing with references to guilty pleas, and in the instant cases, a motion to strike will not be granted unless the possibility of prejudice is made out.
Here, as in that segment of Atlantic City Electric dealing with references to guilty pleas and judgments thereon,
The principal prejudice urged is that which may be suffered if the jury sees the complaints in these cases. However, such is not the practice in this District. Avon Pub. Co. v. American News Co., 122 F.Supp. 660 (S.D.N.Y.1954). Moreover, this possibility can certainly be met by pretrial order or stipulation; e.g., in Wolfe v. National Lead Co., [15 F.R. D. 61 (N.D.Cal.1953)], the court entered an order which provided that no reference to the prior proceedings could be made in the presence of the jury "until such time, if at all, as the court shall so determine." [15 F.R.D. at 63]. Atlantic City Electric Co. v. General Electric Co., supra, 207 F. Supp. at 628 n. 22.
See Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., 2 F.R.D. 305, 306 (S. D.N.Y.1942) ("If the trial court feels they are prejudicial, it can direct that they be not read to the jury. The pleadings are not evidence.").
In support of their motions to strike, defendants cite Independent Theatres, Inc. v. American Broadcasting-Paramount Theatres, Inc., 179 F.Supp. 489 (S.D.N.Y.1959); Normandie Amusement Corp. v. Loew's Inc., 140 F.Supp. 257 (S.D.N.Y.1954); and Skouras Theatres Corp. v. Radio-Keith-Orpheum Corp., 19 F.R.D. 151 (S.D.N.Y.1953). These cases, however, are readily distinguishable from the instant cases, and afford no aid to defendants. Thus, the complaint in Independent Theatres included not only such matters as what a defendant proposed to include in the Paramount decree as well as references to applications made for modification of the decree, but was "interlarded with numerous other allegations of an evidential nature touching upon the decree, alleged violations thereof, and alleged reasons for happenings thereunder." Independent Theatres, Inc. v. American Broadcasting-Paramount Theatres, Inc., supra, 179 F.Supp. at 490. By comparison, the references to the Government action in the complaints in the instant actions are brief, concise, and free of exaggeration. Similarly, those complaints to which are appended the prior Grinnell opinions cannot be said to be "honeycombed" with "evidential references to various alleged incidents prior, incidental, and subsequent to the entry of the decree and alleged violations thereof." Id. at 490.
Nor are the complaints in the instant actions similar to those in Normandie Amusement Corp. v. Loew's Inc., supra, where interpretations of the Paramount decree by plaintiffs' counsel in the complaint were proscribed. Finally, unlike Skouras Theatres Corp. v. Radio-Keith-Orpheum Corp., supra, these complaints do not quote testimony or recite in detail evidence, or argue the interpretation and legal effects of a prior decree.
Aside from the criticism noted above, the complaints do not offend in the respects charged. Accordingly, we hold that little would be accomplished at this time to strike any portion of any of the 21 complaints dealing with the Government case. These are matters best left to the trial judge, it being his duty to study all aspects of the prior litigation and determine what should be given to, and what withheld from, the jury. Atlantic City Electric Co. v. General Electric Co., supra, 207 F.Supp. at 627; South Side Drive-In Co. v. Warner Bros. Pictures Distributing Corp., 30 F.R.D. 32 (E.D.Pa.1962); Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., supra.
Those portions of defendants' motions attacking the use in thirteen *749 complaints of the words "co-conspirators" and "co-monopolists" are likewise denied. These characterizations refer to alleged conspirators other than the named defendants in any particular case; they are clearly relevant inasmuch as these are actions under section 1 of the Sherman Act, 15 U.S.C. § 1, which forbids conspiracies in restraint of trade. Since the very gist of the complaints alleges wrongdoing in the nature of conspiracy involving the defendants and others, the use of the label "co-conspirator" or "co-monopolist" can be no more prejudicial to defendants than the complaints themselves.
We emphasize that the rulings contained in this opinion are not intended in any way to be rulings on questions of evidence, and that the denial of these motions is without prejudice to renewal before the trial judge.
This shall be considered an order; settlement thereof is unnecessary.
So ordered.
NOTES
[1] Grinnell Corporation and American District Telegraph Company are named defendants in each of the 21 pending actions; Holmes Electric Protective Company in 17; and Automatic Fire Alarm Company of Delaware in 14.
[2] 67 Civ. 2249, 2259, 2476, 2477, 2478, 2612, 2615, 2616, 2940 and 3820.
[3] 67 Civ. 2249; 67 Civ. 2612.
[4] 67 Civ. 2249, 2612, 2615, 2616, 3820, 4433, 4719 and 4720.