**LA SALLE STREET PRESS, INC.,**
Plaintiff,

v.

**McCORMICK AND HENDERSON, INC.,**
Defendant.

Civ. A. No. 67 C 1565.

United States District Court
N. D. Illinois, E. D.

Dec. 6, 1968.

Melvin F. Jager, Hume, Clement, Hume & Lee, Chicago, Ill., for plaintiff.

Stone, Zummer & Livingston, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

Motion of Plaintiff to Dismiss Certain
Paragraphs of Defendant's Second
Amended Countercomplaint

MAROVITZ, District Judge.

Plaintiff, La Salle Street Press, Inc., originally charged defendant, McCormick & Henderson, Inc., with infringement of the former's United States Letters Patent No. 3,136,248 entitled "Process and Apparatus for Temporarily Indicating Corrections in Text of Printed Matter." Essentially, this patent describes a printing process which allows one reading proofs or "galley sheets" to readily check corrections made in succeeding proofs without re-reading the entire document. As such, the system is of the greatest utility for proofreading complex legal or financial documents. Defendant moved for summary judgment on the issue of infringement and plaintiff filed a cross-motion for summary judgment. On May 29, 1968, we sustained plaintiff's cross-motion.

Since that time, defendant has submitted its second amended counterclaim. In paragraph 13 of Count II of that counterclaim, defendant alleges that plaintiff has attempted to monopolize a portion of the Chicagoland printing business by demanding that defendant pay an exhorbitant license fee under United States Letters Patent No. 3,136,248 while plaintiff offered other firms licenses under said patent at substantially lower rates. Defendant further alleges, in paragraph 14 and 15, that certain acts of the plaintiff are in violations of 15 U.S.C. §§ 13(a) and 45. Under Rule 12(b), Fed.R.Civ. P., plaintiff has moved to dismiss paragraphs 14 and 15 of defendant's second amended counterclaim.

Defendant acknowledges that "there is no specific provision in the Robinson-Patman Act" applicable to the alleged discriminatory licensing practices of the plaintiff. (Defendant's Brief Opposing Plaintiff's Motion, at 3). Nevertheless, referring specifically to 15 U.S.C. § 13 (a), it urges that plaintiffs actions are in violation of a Congressional intent that price discrimination in patent license rates is unlawful.

■ Section 2(a) of the Clayton Act, as amended, 15 U.S.C. § 13(a), prohibits price discrimination between purchasers of similar commodities where such discrimination has an anticompetitive effect. For a claim to be properly grounded under this section, the transaction must, among other things, involve tangible commodities of a like grade and quality. See Rowe, Price Discrimination Under the Robinson-Patman Act 59 (1962). This tangibility requirement has been applied in the Seventh Circuit in Columbia Broadcasting System v. Amana Refrigeration, 295 F.2d 375, 378 (7th Cir. 1961). There the court affirmed the district court's dismissal of Amana's counterclaim, holding that the word "commodity" did not include network television time or the contractual right or privilege of sponsorship identification. Id. In reaching this conclusion, the court relied on the context of the word "commodity" within the statutory framework and found that it embraced only those products with an attribute of tangible existence, i. e., "goods, wares, merchandise, machinery and supplies." Id.

■■ Citing no case for support, but attempting to bring a patent licensing agreement within the statutory framework of Section 13(a), defendant does not contend that the patented process is a tangible item, but urges instead that the commodity involved is the "printed matter produced by the patented method." (Defendant's Brief, supra, at 5). However, this is not sufficient. "To the extent generalization is possible, the rationale of the cases is that price quotations fusing physical elements with *dominant* intangible factors cannot beget price discriminations in commodity sales within the ambit of the Act." Rowe, supra at 61. In Tri-State Broadcasting Co. v. United Press International Inc., 369 F.2d 268 (5th Cir. 1966), the court held that news information supplied by a news service company did not involve a "commodity" within the scope of section 13

(a). Id. at 269. The court recognized that "(v)irtually no transfer of an intangible in the nature of a service, right, or privilege can be accomplished without the incidental involvement of tangibles," in that case, written news reports, but concluded that the dominant nature of the transaction, in that case, the right and privilege of broadcasting the supplied news and not merely the purchase of the physical reports, was the purpose of the transaction. Id. at 270. In large measure the court relied on the Sixth Circuit's decision in General Shale Products Corp. v. Struck Construction Co., 132 F.2d 425 (6th Cir. 1942) wherein it was held that a construction contract was not a discriminatory sale of bricks because the challenged bid covered labor and other materials in addition to the bricks and, therefore, no actionable commodity was present. Id. at 428. See also, County Theatre Co. v. Paramount Film Distributing Corp., 146 F.Supp. 933, 934 (E.D.Pa.1956), where it was held that licensing of motion picture films was not subject to 15 U.S.C. § 13.

■ The sale of a patent license is the sale of the right or privilege of using a particular method or process, in this case a proofreading process. As such, it is quite similar to the rights of access to a news service or the broadcasting or newspaper public which have been at issue in the Columbia and Tri-State cases. As such, it does not fall within that substantial, but decidedly limited, family of tangible and movable chattels which is covered by the term "commodity." Gaylord Shops, Inc. v. Pittsburgh Miracle Mile Town and Country Shopping Center, Inc., 219 F.Supp. 400, 403 (W.D.Pa.1963). Nor does such a result conflict with the Congressional purpose of the statute in question, for the legislative history of what is now section 13(a) clearly indicates that the coverage of the law was limited to tangible articles and products, and was not meant to include all elements of commerce such as intangibles or services. Rowe, supra at 61; Tri-State Broadcasting Co. v. United Press International, Inc., 369 F.2d 268, 270–271 (5th

Cir. 1966). Plaintiff's single citation on this point does not persuade us otherwise. Peelers Co. v. Wendt, 260 F.Supp. 193 (W.D.Wash.1966) does not involve a violation of section 13(a), but an infraction of 15 U.S.C. § 2.

■ We turn now to a consideration of defendant's case under 15 U.S.C. § 45. The purpose of this section is to enable the Federal Trade Commission to stop unfair methods of competition in their incipiency. Federal Trade Commission v. Cement Institute, 333 U.S. 683, 693, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); Grand Union Co. v. Federal Trade Commission, 300 F.2d 92, 98 (2d Cir. 1962). Private litigants may not seek relief under this statute because the Commission has original jurisdiction. Atlantic Refining Co. v. Federal Trade Commission, 381 U.S. 357, 367, 85 S.Ct. 1498, 14 L.Ed.2d 443 (1965); Moore v. New York Cotton Exchange, 270 U.S. 593, 603, 46 S.Ct. 367, 70 L.Ed. 750 (1926); Marquette Cement Mfg. Co. v. Federal Trade Commission, 147 F.2d 589, 594 (7th Cir. 1945).

"The Federal Trade Commission Act while declaring certain acts and practices unlawful, gives no right of action to private litigants based on such unlawful acts. The Federal Trade Commission is set up to enforce the provision of the Act, and relief from alleged violations must be sought from the Commission in the first instance and not from the courts." Samson Crane Co. v. Union National Sales, Inc., 87 F.Supp. 218, 221 (D.Mass.1949), affirmed per curiam, 180 F.2d 896 (1st Cir. 1950).

LaPeyre v. Federal Trade Commission, 366 F.2d 117 (5th Cir. 1966), cited by defendant, is not in point for that case concerned proceedings before the Federal Trade Commission and provides no precedent for a private action under section 45.

■ In summary, a patent license agreement involves the sale of an intangible right of use which is not covered by the term "commodity" in 15 U.S.C. § 13(a). Relief under 15 U.S.C.

§ 45 must be afforded by the Federal Trade Commission and not the judiciary. Thus, defendant's allegations in paragraphs 14 and 15 of its second amended counterclaim fail to state a claim upon which relief can be granted and plaintiff's motion to dismiss those paragraphs with prejudice is granted.