**AVON PUB. CO., Inc. et al.**

v.

**AMERICAN NEWS CO., Inc., et al.**

United States District Court
S. D. New York.
April 19, 1954.

William Gold, New York City, for plaintiffs. J. Robert Ellner, New York City, of counsel.

William R. White, New York City, for defendants.

DIMOCK, District Judge.

Defendants move, pursuant to Rule 12 (b) F.R.C.P., 28 U.S.C., for an order dismissing the complaint insofar as it "purports to state a cause of action under the Robinson-Patman Act" and, pursuant to Rule 12(f) F.R.C.P., for an order striking from the complaint the allegations which purport to state a Robinson-Patman claim and the related damage claims. They further move to strike certain other allegations and Exhibit A annexed to the complaint on the grounds of impertinence, immateriality and prejudice. Defendants also move, pursuant to Rule 12 (e) F.R.C.P., for an order requiring

plaintiffs to file a more definite statement with respect to certain allegations of the complaint. Plaintiffs oppose all these motions.

Plaintiffs, publishers of nationally distributed pocket-size books, are suing defendants, American News Company, Inc., a national distributor of newsstand publications, for twelve years the exclusive distributor of plaintiff's publications, and The Union News Company, a retailer of newsstand publications and, according to the complaint, a wholly owned subsidiary of defendant American News, for monopolizing and conspiring to monopolize national newsstand distribution in violation of the Sherman, Clayton and Robinson-Patman Acts.

I turn first to defendants' contention that plaintiffs have failed to state a claim under the Robinson-Patman Act. Subdivision 2(c) of section 1 of the Robinson-Patman Act, 15 U.S.C. § 13(c), the section here applicable,[1] provides that:

"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid."

All parties agree that the primary purpose of this provision was to prevent large and powerful buyers from forcing sellers to give them rebates and commissions on their purchases. Defendants contend, however, that defendant American News was plaintiffs' sales agent, that the Robinson-Patman Act is inapplicable to commissions paid by a seller to his own sales agent, and that there is no allegation that American News was acting in behalf of the buyers. Defendants further contend that, even if it be assumed that defendant American News was a buyer rather than an agent, there can never be a violation of this provision when an exclusive distribution arrangement is involved since an unlawful discount must be a reduction of the seller's regular or established price and, where the sales are exclusively to a single buyer, no such reduction can exist.

■ This is a motion to dismiss on the face of the complaint. Since the complaint can be read to mean either that defendant American News was acting as a buyer or in behalf of the buyers, I must reject such of defendants' contentions as are based on the premise that defendant American News was merely a sales agent. The complaint alleges in paragraph 10(a) that American News had an exclusive contract for *newsstand* distribution. In 10(c) it alleges that plaintiff Avon was compelled to pay to American News commissions on certain sales effected by Avon through mediums *other than newsstand and retail outlets,* and with which American News had no connection or relation. An allegation that a purchaser of goods exacted a commission on sales with which he had no connection reads precisely in the words of the quoted section of the Robinson-Patman Act.

In view of the complaint's allegations of sales with which defendant American News had no connection, defendants' claim that an act of an exclusive buyer or agent cannot constitute a violation of the quoted section of the Robinson-Patman Act need not be considered.

In view of my determination that the complaint states a claim for relief under the Robinson-Patman Act, I deny the motion to strike the allegations which state

[1]. I omit any discussion of defendants' objections to the applicability of other sections of the Robinson-Patman Act since plaintiffs do not rely on any other section.

such a claim and the related damage claims.

Next I turn to the motion to strike for immateriality and prejudice.

Paragraph 13 of the complaint alleges in substance that on July 17, 1952, the United States government instituted a civil anti-trust suit against these defendants which is presently pending in this court; the relief sought by the government in that suit; that the suit at bar is based in substantial part on the matters complained of in that suit; that, under 15 U.S.C. § 16, the institution of a government anti-trust suit suspends the running of the statute of limitations with respect to private anti-trust actions based in whole or in part on the matters complained of in the government suit; that, therefore, defendants are subject to claims under the facts set forth in the complaint from July 16, 1946. Defendants contend that the allegations of paragraph 13 are irrelevant and prejudicial and should be stricken. Plaintiffs argue that they are properly anticipating a defense based on the statute of limitations.

█ Motions to strike allegations from a complaint on the ground of impertinence are not favored. The proper test on such motions even as to clearly immaterial matters is whether the allegations are calculated to be harmful. See 2 Moore's Federal Practice (2d ed.) § 12.21[2]. The anticipation of a defense is not clearly immaterial. The allegations are harmless since we can trust a trained judge to withstand any prejudice contained therein and they will not be read to the jury. This portion of the motion is likewise denied.

█ Defendants have raised the same objection to the allegations of paragraph 21 of the complaint and Exhibit A. Paragraph 21 in substance alleges that in August 1953, plaintiffs instituted an action against two publishers to restrain certain conduct which plaintiffs allege was instigated and carried out by defendant American News; that defendant American News appeared in opposition to the restraining order which issued in that action; that the suit was settled by agreement of the parties but defendants have continued the conduct in spite of their knowledge of the restraining order and the settlement. A copy of the temporary restraining order is annexed to the complaint as Exhibit A. Defendants argue that a suit instituted by plaintiffs cannot constitute a conspiratorial act of defendants, particularly when defendants were not parties to the action. Plaintiffs contend that paragraph 21 is "indicative of the extreme predatory character of defendants' overt acts as complained of.[2]" I regard these allegations as not even as material as the anticipatory reply to a plea of the statute of limitations just dealt with, yet I can see no such prejudice as would require their elimination.

█ Defendants urge the same objections to paragraph 22(c) of the complaint which alleges that during settlement negotiations prior to the institution of the instant suit, defendants threatened plaintiffs with a false claim. Plaintiffs urge that the threat was an act in furtherance of defendants' illegal conspiracy and therefore highly relevant to their claim. Since the allegations of paragraph 22(c) are relevant as setting forth an overt act by which the charged monopolization was attempted, it is properly a part of the complaint.

Finally, I turn to the application for a more definite statement in two respects.

█ First, defendants contend that they cannot tell from the complaint what business they are charged with monopolizing. Specifically, they seek a definition of "national independent distributor" and "large nation-wide agglomerate organization". Further, contending that they are so entitled under Rule 9(b), F.R.C.P., they seek particularization of the term "fraudulent" as alleged in paragraphs 22(b) and (c). I cannot avoid the view that these contentions are frivo-

2. Plaintiff's Memorandum in Opposition to Defendants' Motion p. 20.

ious. Paragraphs 4 to 8 of the complaint read in context set forth with sufficient precision for a responsive pleading the business of defendants and the meaning of "national independent distributor". Read in context, the term "fraudulent" as used in paragraphs 22(b) and (c) is merely emotional reiteration of the term "false" as used therein. The motion for a more definite statement is therefore denied.