**MAPLE DRIVE-IN THEATRE CORPORATION, Plaintiff,**

v.

**RADIO-KEITH-ORPHEUM CORPORATION (In Dissolution) et al., Defendants.**

United States District Court, S. D. New York.

Feb. 10, 1955.

Robert H. Ruskin, Hollis, N. Y., for plaintiff.

Schwartz & Frolich, New York City, for Stanley Warner Corp.

O'Brien, Driscoll & Raftery, New York City, for Radio-Keith-Orpheum Corp.

EDELSTEIN, District Judge.

Defendants, in a motion picture treble damage antitrust suit, move to strike the complaint on the ground that it fails to comply with the requirements of Rule 8(a) (2) and Rule 8(e) (1), or in the alternative for an order, under Rule 12(f), Fed.Rules Civ.Proc. 28 U.S.C.A., to strike specified allegations from the complaint. It is submitted by defendants that the motion involves substantially the same issues which were involved in the decision of Judge Dawson dated September 3, 1954, New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corporation, D.C., 16 F.R.D. 203, wherein he ordered the complaint stricken, with leave to file an amended complaint.

But a reading of the complaint reveals that it is not unduly prolix or verbose. Indeed, it runs to only eight typewritten pages compared with twenty printed pages in the New Dyckman complaint, and it is quite readable, requiring no

unusual effort to grasp the sense and essential allegations. Actually, the defendants are objecting to the incorporation into the complaint of certain types of allegations, which are, basically, (1) the allegations of predatory practices in the motion picture industry since the year 1920, (2) the allegations of a national conspiracy, and (3) references to United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260.

■■ The particular impact on the plaintiff of the alleged conspiracy is stated to be the effect on its drive-in theater in Circleville, Pennsylvania, of the clearance policy of the defendants. But paragraph 12 of the complaint is almost identical to paragraph 6(a) of the complaint in the New Dyckman case, in the listing of what Judge Dawson has called "a series of allegations of all the misdeeds of the motion picture industry from the nineteen twenties to date * * *." [16 F.R.D. 204] While technically, perhaps, the pleader has indicated a causal connection between these misdeeds and the specific injury he complains of, nevertheless the connection lacks genuine relevancy, and this shotgun type of pleading could be employed to raise innumerable issues utterly foreign to the gravamen of the complaint. Moreover, I am in thorough agreement with Judge Dawson's able discussion of the evils attendant on such pleading of the history of past decades, involving serious imposition upon the time of an already harassed court and incredible and wasteful pretrial complications on collateral issues. Therefore, so much of the complaint as is devoted to the historical recitation of the defendants' malefactions will be stricken, specifically paragraphs 10, 11 and 12, and such other allegations as incorporate them by reference. However, I am also in accord with Judge Dawson's suggestion that if some of these practices which were condemned by the Supreme Court in the Paramount case continued and were continuing at the time of plaintiff's claimed injury, it is permissible to assert that fact. And since the assertion may very well involve a reference to the Paramount decree (the admissibility of which into evidence not being in issue on this motion), the motion to strike reference to that case cannot be granted.

■ Although the line is one which cannot be drawn without difficulty, I am unwilling in other respects to strike references to a national conspiracy from which the plaintiff claims to have suffered damages. Metropolitan Theatre Co. v. Warner Bros. Pictures, D.C., 12 F.R.D. 516. The difficulty, of course, is the fact that the further pleading of nation-wide conspiracy is, in the complaint as it now stands, closely interwoven with the allegations which have been stricken as improper. Nevertheless, the pleading of a national conspiracy against drive-in theaters is a proper basis for proof of motive, cf. Milgram v. Loew's Inc., 3 Cir., 192 F.2d 579, 585, and the proof of intent need not be limited by the date of alleged injury. In the pleading and proof of a conspiracy against all drive-in theaters, the plaintiff is not acting as a protagonist for other unidentified operators of drive-in theaters or usurping the government's antitrust responsibilities; the reference to other drive-ins in the competitive vicinity and elsewhere is appropriate to the picture drawn. If the existence of a national conspiracy against drive-ins is relevant, the case may be concerned with some issues not confined in time or space to the facts of the injury specifically claimed by the plaintiff, and I do not consider such issues to be irrelevant. The raising of such issues is a different thing from the raising of the kind of issues predicated upon an indiscriminate historical allegation of ancient abuses on a national scale, the "local manifestations" of which, in various cities other than the plaintiff's Judge Dawson found to be objectionably pleaded in the New Dyckman case. Difficult though the task may be, the plaintiff will be permitted to plead a national conspiracy without, however, employing the type and technique of allegations which have been stricken.

228

■ Defendants also object to the characterizations "big five" and "little three" as inflammatory. While such terminology has been employed in reported decisions, nevertheless it is conceivably inflammatory in the context of a jury trial and the plaintiff cannot be prejudiced by eliminating it. These characterizations will be stricken.

It will be necessary for the plaintiff to make revisions in his complaint, in view of what has been stricken from it and in view of the ruling on the pleading of a nationwide conspiracy. Such revisions may be made as are consistent with the considerations expressed in this memorandum.