**ALAMO THEATRE COMPANY, Inc.**

v.

**LOEW'S INCORPORATED, a corporation, et al.**

56 C 156.

United States District Court
N. D. Illinois, E. D.
June 15, 1956.

affirmed 2 Cir., 102 F.2d 1019; Woollomes v. Heinze, 9 Cir., 198 F.2d 577, 579, certiorari denied 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715.

Thomas C. McConnell, Edward R. Johnston, Chicago, Ill., for Balaban & Katz, Samuel Black, Wesley E. Hall, American Broadcasting Co. and Paramount.

Thomas A. Reynolds, Chicago, Ill., for Buena Vista Film Distributing Co.

Francis E. Matthews, Chicago, Ill., for Twentieth Century Fox Film.

Miles G. Seeley, Chicago, Ill., for Loew's Inc.

LA BUY, District Judge.

The above action is brought to recover damages suffered through an alleged conspiracy violative of the anti-trust laws of the United States. The court has read the briefs of the parties with respect to defendants' motions to strike paragraphs 9, 10, 11, 16 and 17 of the complaint.

Paragraph 9 of the complaint alleges that these defendants or their predecessors sometime prior to 1933 illegally conspired to restrain trade and commerce in the distribution of motion picture films; paragraph 10 describes the maintenance of a uniform system of releasing motion pictures in pursuance of that conspiracy by a so-called Chicago system of release; paragraph 11 refers to the entry of a decree in the District Court for the Northern District of Illinois on October 16, 1946 in the matter of Bigelow v. RKO Radio Pictures, Inc., et al., enjoining certain of these defendants from licensing motion pictures in the manner previously described.

■■ It appears from the complaint that the plaintiff commenced operation of its theatre on January 1, 1947 and that in pursuance of the conspiracy described in paragraphs 9 and 10 the defendants "subsequently devised a system of releasing pictures through zones as is more fully described hereinafter. The court is of the opinion that paragraphs 9, 10 and 11 of the complaint should be stricken for the reason that they relate to historical matter not pertinent to the matters here complained of by the plaintiff. Insofar as paragraph 11 refers to the decree entered in the Bigelow case, the court is of the opinion it should be stricken for the additional reason that it creates no estoppel between the present parties.

■ Allegations are made in paragraph 16 referring to the entry of the decree in 1946 in United States v. Paramount Pictures, Inc., and later orders by that court and the Supreme Court. Paragraph 17 alleges that the plaintiff intends to rely thereon as prima facie evidence of the allegations set forth in the present complaint as permitted under 15 U.S.C.A. § 16. Defendants contend that as to some of them said decree cannot be so used since they are not parties defendant in that action or were not in existence at the time of that suit; also, that the period of the conspiracy covered in that suit was prior to the plaintiff's existence here and the damage which plaintiff allegedly suffers extends from the conspiracy alleged in "subsequent acts" and not acts terminating or covering the period to 1946. It is the contention of the plaintiffs that the question of relevance of said decree and its use should be deferred until the trial when plaintiff seeks to avail itself of the statutory permission contained in § 16, 15 U.S.C.A.; that the conspiracy complained of in the present complaint and that which defendants were found guilty of in the Paramount case are one and the same—that is, the motive and results are identical namely monopolization of motion picture exhibition.

There is therefore the question of whether the plaintiff's damage flowed from a "continuing" conspiracy of the same nature. In Emich Motors Corp. v. General Motors Corp., 1950, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534, it was said that "estoppel extends only to questions 'distinctly put in issue and directly determined'". The extent and scope of the matters covered in the Paramount decree are not now before the court. The mere fact of plaintiff's entry into the motion picture field subsequent to a conspiracy found to exist in 1945 is not alone sufficient for the court to rule as a matter of law that the Paramount decree has no relevance to the instant

suit. The court is of the opinion that determination of the relevance of paragraphs 16 and 17 should await its use, if any, during the trial of the case. For this reason the court will not make any determination at this time with respect to the defendants' motions to strike paragraphs 16 and 17 for constitutional reasons.

An order has this day been entered sustaining the defendants' motions to strike paragraphs 9, 10 and 11 of the complaint and overruling defendants' motions to strike paragraphs 16 and 17 of the complaint.