**ATLANTIC CITY ELECTRIC COMPANY et al., Plaintiffs,**

v.

**GENERAL ELECTRIC COMPANY et al., Defendants.**

United States District Court
S. D. New York.

July 18, 1962.

tories, Inc., 260 F.2d 431, 433 (3 Cir. 1958).

Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, and Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiffs Atlantic City Electric Co. and others; Bethuel M. Webster, Milton Handler, and James B. Henry, Jr., New York City, of counsel.

Leboeuf, Lamb & Leiby, New York City, for plaintiffs Arkansas Power & Light Co. and others; Horace R. Lamb, and Taylor R. Briggs, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for plaintiffs Consumers Power Co. and others; Merrell E. Clark, Jr., James T. Boorsch, and B. Brooks Thomas, New York City, of counsel.

Reid & Priest, and Coudert Brothers, New York City, for plaintiffs Dallas Power & Light Co. and others; Joseph A. McManus, Clifford D. Root, New York City, Peyton G. Bowman III, Washington, D. C., William Rand, Jr., and James C. Pressey, New York City, of counsel.

Naylon, Foster, Dean & Aronson, New York City, for plaintiffs New York State Electric & Gas Corp. and others; Edward F. Huber, Howard M. Schmertz, New York City, and James M. Baisley, New York City, of counsel.

Louis J. Lefkowitz, New York City, for plaintiffs People of State of New York and others; Mathias Lloyd Spiegel, Albany, N. Y., of counsel.

Sidney Goldstein, New York City, for plaintiff Port of New York Authority; Nathaniel Fensterstock, and Milton H. Pachter, New York City, of counsel.

Thomas Moore, Jr., New York City, for plaintiff Power Authority of New York; Scott B. Lilly, New York City, of counsel.

Leo Larkin, New York City, for plaintiffs City of New York and others.

Cravath, Swaine & Moore, New York City, for defendant Westinghouse Electric Corp.; Albert Ray Connelly, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants Allis-Chalmers Manufacturing Co. and others; S. Hazard Gillespie, New York City, of counsel.

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, for defendants C. H. Wheeler Manufacturing Co. and others; Harold F. McGuire, New York City, of counsel.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant A. B. Chance Co.

Hughes, Hubbard, Blair & Reed, New York City, for defendant Allen-Bradley Co.

Richard Owen, New York City, for defendant Cole Electric Co.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants Cornell-Dubilier Electric Corp. and others.

Kissam & Halpin, New York City, for defendant Cutler-Hammer, Inc.

Meyer, Kissel, Matz & Seward, New York City, for defendant Foster Wheeler Corp.

White & Case, New York City, for defendant General Electric Co.

Satterlee, Warfield & Stephens, New York City, for defendant Hubbard & Co.

Haight, Gardner, Poor & Havens, New York City, for defendant I-T-E Circuit Breaker Co.

Austin, Burns, Appell & Smith, New York City, for defendant Ingersoll-Rand Co.

Stickles, Hayden, Young, Kennedy & Hort, New York City, for defendants Joslyn Mfg. & Supply Co. and others.

Casey, Lane & Mittendorf, New York City, for defendant Kuhlman Electric Co.

Cleary, Gottlieb & Steen, New York City, for defendants Moloney Electric Co. and others.

Sheridan & Madigan, New York City, for defendant Murray Manufacturing Corp.

Kupfer, Silberfield, Nathan & Danziger, New York City, for defendant Norbute Corp.

LaPorte & Meyers, New York City, for defendant Schwager-Wood Corp.

Clark, Carr & Ellis, New York City, for defendant Southern States, Inc.

Allan D. Emil, New York City, for defendant Square D. Co.

Alexander & Green, New York City, for defendants H. K. Porter Co. and others.

Close, Griffiths, McCarthy & Gaynor, White Plains, N. Y., for defendant Ward Leonard Electric Co.

Gallop, Climenko & Gould, New York City, for defendant Worthington Corp.

FEINBERG, District Judge.

Defendants in 418 antitrust treble-damage actions joined in three motions under Rule 12(f), Fed.R.Civ.P., 28 U.S. C.A. to strike certain allegations from the complaints. My opinion dated July 11, 1962,[1] dealt with the first of these and describes the background of the litigation. This opinion deals with the remaining motions directed to allegations relating to criminal and civil injunctive suits brought by the Government in Philadelphia against many of these defendants, and other allegedly prejudicial evidentiary matter.

The motions should be considered in the context of authority that not only makes clear that motions to strike on the grounds alleged here are not favored, but also raises grave doubt whether anything is gained by allowing the pleadings to be the battlefield in complex cases rather than moving such cases expeditiously through carefully supervised pre-trial procedures.

In Nagler v. Admiral Corp., 248 F.2d 319 (2 Cir. 1957), a treble-damage suit, the Court of Appeals reversed a judgment dismissing a complaint as insuffi-

---

1. Atlantic City Electric Co. v. General Electric Co., 207 F.Supp. 613 (S D.N.Y.1962).

cient. Attack on the complaint in Nagler asserted that too little—not, as here, too much—was alleged. But the Court stressed that over-emphasis on the pleading process in these cases is unwise. Thus, the Court said (248 F.2d at 326–327):

> "The sad truth is that these cases are likely to prove laborious in any event and that there is no real substitute for trial, although pre-trial conferences and orders may greatly speed the result. * * * The real solution—so far as there is one short of trial—would appear to be * * * continuing pre-trial conferences under the direction of a single judge who may thus avoid the duplicating efforts of various judges we have noted above."

While it is true that the Court in Nagler referred to pleading of evidence as "surely not required and * * * on the whole undesirable," (Id. at 326) the author of the Court's opinion elsewhere stated:

> "Occasionally there is a direction to prune off surplusage, a theoretically sound point of view, since these complaints, far from being models, are usually singularly verbose and full of unnecessary conclusions, cliches, and counts. Indeed, I fear the trend I am discussing in part because it promotes verbosity. But is there time in the Southern District for such pruning and perfectionism when the easier course is just to treat such excesses with silent disdain?" Clark, Special Pleading in the "Big Case," 21 F. R.D. 45, 51 (1957).[2]

This pragmatic attitude is consistent with the general doctrine that has grown up around Rule 12(f). In discussing that doctrine, Professor Moore, after stating

that motions to strike are not favored, adds:

> "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party. * * * And where certain evidential facts, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken. In suits involving multiple and complex issues greater latitude in pleading may be allowed since the impertinence may not be so clear." 2 Moore, Federal Practice 2317–2319 (2 Ed.1961).

Thus, in Fleischer v. A. A. P., Inc., 180 F. Supp. 717, 721 (S.D.N.Y.1959), the Court observed:

> "Before it may be determined that a portion of a complaint is immaterial it must clearly appear that the matter alleged can have no possible bearing on the issues of the trial * * *. Even if that determination is made, immaterial allegations, and likewise verbose, conclusory, or evidentiary allegations, need not be stricken unless their presence in the complaint prejudices the defendant."

Cf. Buchholtz v. Renard, 188 F.Supp. 888, 894 (S.D.N.Y.1960); Gas Consumers Ass'n v. Philadelphia Gas Works Co., 12 F.R.D. 125, 127 (E.D.Pa.1951); Tivoli Realty, Inc. v. Paramount Pictures, Inc., 80 F.Supp. 800 (D.Del.1948); Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., 2 F.R.D. 305 (S.D.N.Y.

---

2. See also Fleischer v. A. A. P., Inc., 180 F.Supp. 717, 721 (S.D.N.Y. 1959): "It would not be fruitful nor would it, in the long run, advance the interests of any of the parties to this litigation, for the Court to try to narrow and delimit the issues of this litigation at this point in the proceedings * * *."

1942); see Boerstler v. American Medical Ass'n, 16 F.R.D. 437, 446 (N.D.Ill. 1954).

■ These cases and modern notions of the pleading process in "big" cases [3] express a useful approach: little is accomplished from attempting to prune complaints at this stage; they should be left intact unless matter is alleged whose materiality is highly unlikely. If such matter is alleged, then the Court may strike it, in its discretion, depending upon its assessment of other factors, including possible prejudice, elements of unfairness and threat of delay.

## I

### The Motion to Strike References to Prior Grand Jury and Government Proceedings

The allegations objected to are classifiable as: (1) references to pleas of guilty and the judgments entered thereon; (2) references to pleas of *nolo contendere* and the judgments entered thereon; (3) references to other incidents of the Government suits, such as the pendency of the civil injunctive proceedings, the indictments, the sentences and the Grand Jury proceedings. Defendants contend that these allegations are "immaterial, impertinent and unfairly prejudicial to defendants."

### A. *References to Pleas of Guilty and Judgments Thereon*

Defendants have moved to strike all references to the pleas of guilty entered in the Philadelphia proceedings,[4] and the judgments of conviction on these pleas. Defendants, relying on the language of the statute, legislative history and judicial authority, argue that judgments on pleas of guilty are "consent judgments" within the meaning of the proviso to Section 5(a) of the Clayton Act, 15 U.S.C.A. § 16(a) ("Section 5(a)"), which states:

> "(a) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided*, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title."

Diametrically opposing arguments can be made from the language of the Section. The first portion of Section 5(a) refers to a "final judgment or decree * * * rendered in any civil or *criminal* proceeding * * *." (Emphasis supplied). Defendants claim that the proviso they rely on thus clearly embraces "consent judgments" in criminal proceedings. But Section 5 of the Clayton Act, as originally enacted in 1914,[5] also contained a proviso of obviously tempo-

3. See, e. g., Judicial Conference of the United States, Handbook of Recommended Procedures for the Trial of Protracted Cases, 25 F.R.D. 351 (1960); Proceedings of the Seminar on Protracted Cases, 23 F.R.D. 319 (1958); Proceedings of the Seminar on Protracted Cases, 21 F.R.D. 395 (1957); Clark, Special Pleading in the "Big Case," 21 F.R.D. 45 (1957); Att'y Gen. Nat'l Comm. Antitrust Rep., 362–366 (1955); Judicial Conference of the United States, Report on Procedure in Anti-Trust and Other Protracted Cases, 13 F.R.D. 62 (1951).

4. According to statistics in Note, 71 Yale L.J. 684 n. 2 (1962), the Philadelphia indictments named 29 corporate defendants; 18 corporations pleaded guilty to at least one indictment. Some defendants in these actions, while named as co-conspirators, were not indicted in Philadelphia.

5. 38 Stat. 731. Section 5 was amended in 1955 and appears now as Section 5 (a).

rary application which followed the one on which defendants now rely. It read:

"*Provided further*, This section shall not apply to consent judgments or decrees rendered in *criminal proceedings* or suits in equity, now pending, in which the taking of testimony has been commenced but has not been concluded, provided such judgments or decrees are rendered before any further testimony is taken." (Emphasis partially supplied).

Thus, Congress could make clear that an exception to Section 5 included criminal proceedings, and its failure to do so in the proviso which still remains arguably shows Congressional intent to exclude criminal proceedings from the scope of the proviso. But the legislative history of Section 5 is not persuasive that the omission of a reference to criminal proceedings in the first proviso was deliberate; see, e. g., 51 Cong.Rec. 15825 (1914) (remarks of Senator Reed); id. at 15938, 15939 (remarks of Senator Nelson).

The remainder of the legislative history is similarly inconclusive.[6] Illustratively, Representative Webb, a member of the Conference Committee that added the proviso to Section 5, stated that it meant that:

"If the Government brings a suit against a trust or monopoly and it surrenders, we eliminate the effect of the 'prima facie' judgment. If it fights and loses, then the 'prima facie' effect is given." Id. at 16276.

On the other hand, however, when Senator Reed interpreted the proviso as applying to judgments entered on pleas of guilty as well as pleas of *nolo*, Senator Walsh replied that he "would scarcely give that significance to the language," id. at 15823, and added,

"I am not able to agree with [Senator Reed] that in the future

the judgment entered upon a plea of guilty in a criminal action would not be available under the proposed statute." Id. at 15824.

Nor is there compelling judicial authority for defendants' argument that judgment on a plea of guilty is a "consent judgment." They rely heavily on a statement in Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.Minn.1939), aff'd 119 F.2d 747 (8 Cir.) cert. denied, 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516 (1941), in which references to a plea of *nolo* were stricken. The Court there reviewed the legislative history and stated that Congress "unmistakably intended to include judgments entered on pleas of guilty and pleas of nolo contendere in pending criminal cases as consent judgments * * *."[7] This statement was not necessary to the holding since no judgment based on a plea of guilty was before the court.

Moreover, other courts have found the legislative history to be less conclusive.[8] In United States v. Standard Ultramarine & Color Co., 137 F.Supp. 167 (S.D.N.Y.1955), Judge Weinfeld, denying defendants' motion to withdraw pleas of guilty and enter pleas of *nolo*, discussed the statutory scheme (137 F.Supp. at 173–174):

"The use of the nolo plea came into extended use in antitrust suits partly because of the uncertainty that a guilty plea would in fact gain for the defendant the benefit of the exception under § 5; it of course also served to eliminate other hazards and possible consequences to a defendant. Its use for 'practical' purposes' to avoid the issues inherent in a guilty plea does not necessarily reflect congressional purpose to extend the exemption provision of § 5 to defendants in criminal antitrust suits. In any event, the

---

6. Cf. Llewellyn, The Common Law Tradition 529–535 (1960).

7. 26 F.Supp. at 372. The court also discounted the significance of Senator

Walsh's statement referred to above (Id. at 376).

8. See United States v. B. F. Goodrich Co., 1957 Trade Cas. ¶68,713 (D.Colo.) at 72,877.

short answer to the defendants' contention is that Rule 11 of the Federal Rules of Criminal Procedure vests the Court with discretion to accept or reject the tendered plea. Had Congress intended to grant a defendant an absolute right to avert the effects of the prima facie case in a criminal prosecution, as in an equity suit, it could readily have granted him, under Rule 11, the right to plead nolo contendere—just as a defendant has the right to confess judgment in answer to a Government civil antitrust suit without the consent of the Court." (Footnotes omitted).

This statement is clearly based on the premise that a plea of guilty, which the Court has no power to reject, does not "avert the effects of the prima facie case" under Section 5(a).[9]

Plainly, opposing policy considerations are involved. Defendants would allow a defendant in a criminal prosecution to avoid the prima facie effect of an adverse judgment by his unilateral "consent" to it. Otherwise, say defendants, the Congressional purpose of encouraging capitulations in Government prosecutions is defeated. However, plaintiffs reply, that purpose can amply be served by allowing pleas of *nolo*, which have no prima facie effect under Section 5(a).[10] Plaintiffs observe that Section 5(a) and its proviso give expression to two policies —encouraging capitulations in Government prosecutions and easing the burden of treble-damage litigants who sue defendants previously found to have violated the antitrust laws.[11] Accepting defendants' position, say plaintiffs, tips the balance between these two policies wholly in favor of encouraging surrender, leaving private litigants not much better off than they were before Section 5 was enacted.

Plaintiffs point out that defendants would also, in effect, erase the well established distinction between pleas of *nolo* and guilty, Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926).[12] This argument has weight, in view of the consistent practice for many years of counsel and the courts of distinguishing between the two pleas,[13] and Congress' reenactment in 1955 of the substance of Section 5 in Sec-

9. There has been a similar divergence of judicial views in related litigation against some of these defendants; e. g., in Sacramento Municipal Utility Dist. v. Westinghouse Electric Corp., (N.D.Cal.1962), the court denied a motion to strike references to the Philadelphia guilty pleas and judgments entered thereon, and in N. W. Electric Power Cooperative, Inc. v. General Electric Co., 30 F.R.D. 557 (W.D. Mo.1961), the court granted the motion; cf. City of Philadelphia v. Westinghouse Electric Corp. (E.D.Pa.1961) (see 1961 Trade Cas. ¶70,143), where some defendants successfully moved to strike references to the *nolo* pleas and judgments thereon, but apparently no motion was made to strike references to guilty pleas and judgments thereon.

10. A few plaintiffs contend that judgments on *nolo* pleas do have such prima facie effect. See note 24, infra.

11. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568, 71 S. Ct. 408, 95 L.Ed. 534 (1951).

12. The Court stated that it is a "rule of law that has never been questioned, that the implied confession, as contrasted to the express confession, does not estop the defendant to plead and prove his innocence in a civil action." (272 U.S. at 455, 47 S.Ct. at 129). See Lenvin and Meyers, Nolo Contendere: Its Nature and Implications, 51 Yale L.J. 1255, 1263 (1942).

13. See, illustratively, United States v. Jones, 119 F.Supp. 288, 290–291 (S.D. Cal.1959) (defendants permitted to plead *nolo*). "Defendants often desire to avoid the effect of a plea of Guilty which might be used as an admission generally and be introduced in evidence in a civil case based upon the same transaction. * * * In this case the defendants offered the very good reason that there is a potential of civil litigation and that they do not wish to create evidence against themselves * * * if it should ensue, but for the purpose of their case they are willing to suffer an adjudication of guilt." See argument of counsel in United States v. B. F. Goodrich Co., 1957 Trade Cas. ¶68,713 at 72,873–74 (D.Colo.) ; cf. United States v. Brunswick-Balke-Collender Co., 203 F.Supp. 657 (E.D.Wis.1962).

tion 5(a) after the practice had been recognized for decades.[14]

Plaintiffs also argue that the pleas of guilty are admissible under common law rules of evidence.[15] Similarly, they claim as to the judgments that New York courts admit prior judgments of conviction in later civil actions as prima facie evidence of the material facts charged in the criminal prosecution, and that under Rule 43(a), Fed.R.Civ.P., the same rule should be applied to these cases in this Court.[16] Defendants deny the accuracy of this statement of New York law and claim that use of common law rules of evidence would vitiate Section 5(a).

These arguments raise two substantial questions: whether the proviso of Section 5(a) is construed to include judgments on pleas of guilty,[17] and the admissibility of guilty pleas and judgments under common law rules. Deciding the question of statutory construction would not dispose of the latter issue unless, as defendants contend, Section 5 altogether displaced common law rules. But the legislative history[18] and judicial authority[19] do not support this position.[20] Certainly, therefore, it cannot be said that it is highly unlikely that the pleas and judgments are material. Defendants urge that the question of admissibility, although normally appropriately left to the trial judge, should be decided now. But the question of admissibility under common law rules cannot be determined in the abstract. Whether, to what extent, and against whom the pleas of guilty and the judgments entered on them are admissible and, if so, of what they are probative, are questions best left to the discretion of the trial judge on the basis of his necessarily more complete appraisal of the facts. Reluctance to make premature rulings on admissibility of evidence in complex antitrust cases is not novel. See South Side Drive-In Co. v. Warner Bros. Distributing Corp., 30 F.R.D 32 (E.D.Pa.1962); Alamo Theatre Co. v. Loew's Inc., 143 F.Supp. 419, 420–421 (N.D.Ill.1956); Wolfe v. National Lead Co., 15 F.R.D. 61 (N.D.Cal.1953); Minneapolis Gasoline & Fuel Co. v. Ethyl Gasoline Corp., 2 F.R.D. 307 (S.D.N.Y. 1941).[21]

---

14. Cf. Toolson v. New York Yankees, Inc., 346 U.S. 356, 74 S.Ct. 78, 98 L.Ed. 64 (1953).

15. See McCormick, Evidence 512–513 (1954).

16. There are several New York decisions permitting affirmative use by a plaintiff against a defendant wrongdoer of the latter's prior judgment of conviction, although there is doubt that the New York Court of Appeals has gone that far. See, generally, Comment, 30 Ford.L.Rev. 786 (1962).

17. Compare the varying views expressed in Comment, 46 Ill.L.Rev. 765, 766, n. 10 (1951); Note, 65 Harv.L.Rev. 1400, 1401 (1952); Note, 71 Yale L.J. 684, 686 (1962).

18. E. g., 51 Cong.Rec. 15825, 15939 (1914).

19. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 571, n. 8, 71 S.Ct. 408, 95 L.Ed. 534 (1951); United States v. Standard Ultramarine & Color Co., 137 F.Supp. 167, 174, n. 32 (S.D.N.Y.1955).

20. Cf. further argument for common law admissibility of the pleas contained in Note, 71 Yale L.J. 684, 690 n. 36 (1962): "The proviso states that *'this section* shall not apply to consent judgments' (emphasis added), not, as it easily could have, that consent judgments shall be exempted from evidentiary use in subsequent litigation. Secondly, the proviso refers only to *judgments* whereas *pleas,* not judgments, are common-law admissions, since the admission-emphasis is on the defendant's voluntary statement."

21. Illustrative of judicial reaction in this situation are the words of the court in South Side Drive-In (30 F.R.D. at 36): "The admissibility or exclusion of the Paramount decree should not be determined by a motion to strike, instead, as with most evidentiary questions, it is better left for determination at the time of trial. Pleading the decree will not prejudice the defendants. In their answer, defendants may or may not be required to admit the allegations relating to the decree, but in any event, even assuming that they must admit the allegations, they will still be free to deny its relevancy. Under those circumstances, of course, the matter of admissibility will be left for ruling by the Court at the

Because of this appraisal of probable materiality, it is unnecessary to examine defendants' contentions as to prejudice.[22] Accordingly, defendants' motion to strike from the complaints allegations of the guilty pleas and the judgments thereon is denied.

### B. *References to Pleas of Nolo and Judgments Thereon*

Defendants contend that allegations referring to the pleas of *nolo* in Philadelphia and judgments entered thereon should be stricken. Defendants' position is that judgments after pleas of *nolo* are "consent judgments" within the meaning of Section 5(a), that legislative history demonstrates that Congress intended this construction, and that there is overwhelming support in the cases for the interpretation urged. The point is at least tacitly[23] conceded by all plaintiffs who generally opposed these motions, with but four exceptions.[24]

The few plaintiffs who would preserve the allegations have not cited a single case in which a court refused to strike from a complaint references to *nolo* pleas or judgments thereon when asked to do so.[25] However, the courts have consistently held that the proviso of Section 5 applies to judgments entered after pleas of *nolo*[26] and for that reason have struck from complaints references to judgments entered after such pleas. Alden-Rochelle v. American Society of Composers, Authors and Publishers, 3 F.R.D. 157 (S.D.N.Y.1942); Barnsdall Refining Corp. v. Birnamwood Oil Co., 32 F.Supp. 308 (E.D.Wis.1940); Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366 (D.Minn.1939), aff'd 119 F.2d 747 (8 Cir.), cert. denied, 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516 (1941); see Pfotzer v. Aqua Systems, Inc., 162 F.2d 779, 784 (2 Cir. 1947). In comparable suits against some of these defendants, references to the same *nolo* pleas and judgments thereon were stricken. N. W. Electric Power Cooperative, Inc. v. General Electric Co., 30 F.R.D. 557 (W.D. Mo.1961); City of Philadelphia v. Westinghouse Electric Corp. (E.D.Pa.1961) (see 1961 Trade Cas. ¶ 70,143).

It is true that the possibility of prejudice to defendants from these allegations may not be great.[27] However, in view of

---

time of trial, at which time the issue of admissibility may be in much sharper focus."

22. The principal prejudice urged is that which may be suffered if the jury sees the complaints in these cases. However, such is not the practice in this District. Avon Pub. Co. v. American News Co., 122 F.Supp. 660 (S.D.N.Y.1954). Moreover, this possibility can certainly be met by pre-trial order or stipulation; e. g., in Wolfe v. National Lead Co., supra, the court entered an order which provided that no reference to the prior proceedings could be made in the presence of the jury "until such time, if at all, as the court shall so determine."

23. The concession is explicit in briefs filed on behalf of a substantial number of plaintiffs. See references in defendants' reply brief, p. 7. Many complaints neither refer to a *nolo* plea nor state that a judgment was entered on a *nolo* plea.

24. See brief filed on behalf of The People of the State of New York, New York State Thruway Authority and The Port of New York Authority and memorandum filed on behalf of the Power Authority of the State of New York.

25. Plaintiffs do cite A. B. Dick Co. v. Marr, 9 F.R.D. 99 (S.D.N.Y.1949) where the Court denied plaintiff's motion to strike recitations of prior criminal and civil actions instituted against plaintiff and the disposal of those actions by a plea of *nolo* and a consent decree. The consent judgment had enjoined plaintiff from enforcing *its* patent rights (see A. B. Dick Co. v. Marr, 197 F.2d 498 (2 Cir.) cert. denied, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952)); it was pleaded by defendant in a patent infringement suit, not as evidence of a private claim, but as the basis of a defense created by a judgment itself. Cf. Pfotzer v. Aqua Systems, Inc., 162 F.2d 779 (2 Cir. 1947) (use of plea of *nolo* to impeach credibility of witness).

26. See United States v. Standard Ultramarine & Color Co., 137 F.Supp. 167, 170 (S.D.N.Y.1955) ("But a nolo contendere plea is exempt from the application of § 5").

27. See note 22, supra.

the overwhelming authority on the point, defendants' motion is granted in this respect.

### C. Other References to Prior Government Proceedings

■ Defendants' second motion is otherwise denied, except as to the sentences imposed and certain references to the indictments. Plaintiffs argue that they have only alleged concise background allegations of the prior proceedings that are both helpful and permissible.[28] However, they have not specifically attempted to justify averments of the sentences on the ground of their materiality. The materiality of such allegations is highly unlikely and they are stricken.

With regard to references to the Philadelphia indictments, they contain the charges to which most defendants pleaded and are, therefore, inextricably linked with the issues of the admissibility of pleas of guilty and judgments thereon. References to those pleas and judgments are not stricken [29] and if these pleas or judgments are later held to be admissible, the judge determining those questions will necessarily determine the purposes for which they may be admitted. However, as to any complaint against defendants who all pleaded *nolo*, or were not indicted, references to the indictments will be stricken.

■ Allegations of the pending civil injunctive proceedings will not be stricken because they are material to the issue of whether the four-year limitation period of the Clayton Act [30] is tolled by Section 5(b).[31] It is of little consequence, in the circumstances of these cases, that some plaintiffs have alleged more than that the running of the statute was suspended by an action instituted by the United States which commenced on a certain date and is still pending, see Alden-Rochelle, Inc. v. American Society of Composers, Authors and Publishers, 3 F.R.D. 157 (S.D.N.Y.1942), or that plaintiffs have anticipated a defense, see Avon Pub. Co. v. American News Co., 122 F.Supp. 660, 662 (S.D.N.Y.1954).[32]

### II
### The Motion to Strike Other Allegedly Prejudicial Evidentiary Matter

Defendants' third motion is to strike "(1) allegations that defendants conspired with respect to purchasers other than plaintiffs; (2) allegations of the effects of the conspiracy upon others than plaintiffs; (3) allegations of meetings, participants, discussions and decisions of the conspiracy; (4) alleged conclusions of law with respect to the effect of the prior judgments in the criminal actions; and (5) allegations of specific procedures used by defendants to avoid detection." [33]

■ With regard to items (1) and (2), even in cases striking other material from complaints,[34] this Court at the same time has nonetheless permitted allegations that a conspiracy to violate the antitrust laws intended to injure and affected persons other than a particular plaintiff involved in a suit. Austin Theatre, Inc. v. Warner Bros. Pictures, Inc., 1957 Trade Cas. ¶68,808 (S.D. N.Y.); Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp., 17 F.R.D. 226 (S.D.N.Y.1955). Denial of this por-

---

28. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., 2 F.R.D. 305 (S.D.N.Y. 1942); Tivoli Realty, Inc. v. Paramount Pictures, Inc., 80 F.Supp. 800, 804 (D. Del.1948). ("In order to understand fully the nature, character and extent of the action complained of, I think the presence of background or historical matter in these two complaints is not objectionable unless it is prejudicial to the adverse party.").

29. See I A, supra.

30. 15 U.S.C.A. § 15b.

31. 15 U.S.C.A. § 16(b).

32. Accord, Sacramento Municipal Utility Dist. v. Westinghouse Electric Corp., supra, note 9.

33. Brief on behalf of plaintiff Consumers Power Co. et al., p. 2. The allegations complained of are not uniformly found in all of the complaints.

34. But cf. pp. 622 to 624, supra.

tion of defendants' motion reflects no tolerance for the intrusion of "peripheral" issues. Separation of significant from side issues can best be done in the pretrial stage without pausing now to amend the complaints. Nor will defendants be threatened by unlimited discovery; what I have already said in this opinion about the function of the pretrial judge is a sufficient answer here.[35] In any event, it does not appear that the materiality of the allegations referred to is highly unlikely. Accordingly, as to these items, defendants' motion is denied.

■ With regard to item (3), it is clear that the materiality of these allegations is not highly unlikely. As to them, defendants' motion is denied.

■■ As to item (4), two allegations singled out by defendants deserve particular attention; i. e., that defendants were guilty of the charges set forth in the indictment and that defendants, by their pleas, have admitted such guilt.[36] Of course, the question of what defendants admitted when they pleaded guilty is a question to be determined ultimately by the trial judge and is highly material.[37] But, when similar allegations are made with regard to defendants who pleaded *nolo* in Philadelphia or who were not indicted, there appears to be an element of unfairness in use of a term that has a specific criminal connotation. Accordingly, this portion of the motion is granted as to these defendants and otherwise denied.

■ With regard to item (5), the materiality of such allegations is evident. In my decision dated July 11, 1962, defendants' motion to strike all allegations relating to fraudulent concealment was denied. Rule 9(b), Fed.R.Civ.P., requires that "In all averments of fraud or mistake, the circumstances constitut-

ing fraud or mistake shall be stated with particularity." The rule is applied to allegations of fraudulent concealment of a conspiracy to violate the antitrust laws. Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, Ltd., 185 F.2d 196, 209 (9 Cir. 1950), cert. denied, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951). See Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80, 88 (2 Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed. 2d 26 (1961). Accordingly, as to this item, defendants' motion is denied.

### III

To recapitulate, the following are stricken from the complaints:

(a) references to pleas of *nolo* and judgments entered on pleas of *nolo*; a complaint shall be regarded as containing instead of such stricken references statements of when the criminal action was begun and terminated, if no such averments appear in the complaint;

(b) references to sentences imposed;

(c) references to the indictments in any complaint naming only defendants who pleaded *nolo* or who were not indicted. If any such defendant is named as a defendant in a complaint naming one or more other defendants who pleaded guilty, references to the indictment shall be deemed to apply only to the defendant or defendants who pleaded guilty;

(d) allegations that defendants were guilty of the charges set forth in indictments or, by their pleas, admitted such guilt, insofar as they refer to any defendant who did not plead guilty. If any such defendant is named as a defendant in a complaint naming one or more other defendants who pleaded guilty, the allegations shall be deemed to refer only to the defendant or defendants who pleaded guilty.

---

35. Pre-trial in this case is under the careful supervision of Chief Judge Ryan. Seven pre-trial orders have been entered to date.

36. An example of a complaint containing such allegations is 62 Civ. 346, para. 19.

37. Cf. Timberlake, The Use of Government Judgments or Decrees in Subsequent Treble Damage Actions Under the Antitrust Laws, 36 N.Y.U.L.Rev. 991 (1961) and the discussions cited in note 17, supra.

Any complaint affected by this ruling shall be deemed amended; all allegations to be stricken shall be deemed excised and, where required, paragraphs shall be deemed renumbered. No amended complaints should be filed or served under any circumstances without prior permission of this Court. Wherever possible, amended complaints will be avoided; the changes in pleadings required by this opinion should be accomplished by the parties without the intervention of the Court.

With regard to any defendants who have previously answered any complaint from which allegations are stricken, the averments of such answers with respect to any stricken allegations shall be deemed not to have been made and such defendants shall not be required to file amended answers.

The rulings contained in this opinion are not intended in any way to be rulings on questions of evidence.

Settle order on notice.