**UNITED STATES of America, Plaintiff,**

**v.**

**YONKERS CONTRACTING COMPANY, INC., County Asphalt, Inc., Peckham Materials Corp., Westchester Colprovia Corporation, Putnam Asphalt Corp., Nigro Bros. Inc., Area Paving Corp., Edward J. Petrillo, Jr., Frank D. Cooney, Jr., William A. Bassett, Anthony B. Cahill, Peter Nigro, August Nigro, Matthew N. Mauriello, Defendants.**

**No. 87 Crim. 560 (WCC).**

United States District Court,
S.D. New York.

July 18, 1988.

Ralph T. Giordano, Dept. of Justice, Chief, Antitrust Div., New York City (Rebecca Meiklejohn, Edward Friedman, Robert Einstein, Geoffrey Swaebe, Jr., Dept. of Justice, of counsel).

Skadden, Arps, Slate, Meagher & Flom, Washington, D.C. (Rodney O. Thorson, of

counsel), Skadden, Arps, Slate, Meagher & Flom, New York City (Paul T. Denis, of counsel), for defendant Westchester Colprovia Corp.

Kaplan, Kilsheimer & Foley, New York City (Richard J. Kilsheimer, of counsel), for Civil plaintiff, the Town of New Castle, amicus curiae.

Berman, Paley, Goldstein & Berman, New York City (David R. Paley, of counsel), for defendant Yonkers Contracting Co., Inc.

Marchi Jaffe Steinberg Crystal Katz & Burke, New York City (David Jaffe, of counsel), for defendant County Asphalt, Inc.

Kelley Drye & Warren, New York City (Robert E. Crotty, of counsel), for defendant Peckham Materials Corp.

Scopetta & Seiff, New York City (Eric A. Seiff, of counsel), for defendant Putnam Asphalt Corp., Anthony B. Cahill.

Loeb and Loeb, New York City (Harry First, of counsel), for defendants Nigro Bros. Inc., Peter Nigro and August Nigro.

Santangelo, Santangelo & Cohen, New York City (Michael L. Santangelo, of counsel), for defendants Area Paving Corp. and Matthew N. Mauriello.

Baden Kramer Huffman & Brodsky, P.C., New York City (William M. Brodsky, of counsel), for defendant Edward J. Petrillo, Jr.

Ross & Hardies, Washington, D.C. (Myles J. Ambrose, of counsel), for defendant Frank D. Cooney, Jr.

Dunnells, Duvall, Bennett & Porter, Washington, D.C. (Robert S. Bennett, of counsel), for defendant William A. Bassett.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Defendant Westchester Colprovia Corporation has moved pursuant to Rule 11(b), Fed.R.Crim.P., for leave to withdraw its plea of not guilty and enter a plea of *nolo contendre.* For the reasons set forth below, defendant's motion is granted.

*Background*

The indictment in this case charges defendants with a conspiracy to rig bids for the sale of asphalt and for asphalt paving contracts in Westchester County. During the relevant time, six of the defendant corporations (including Westchester Colprovia) were the only producers of asphalt with plants located in or near Westchester County. The seventh defendant corporation was a paving contractor in the county. All of the defendants have pleaded not guilty to the charges in the indictment and a trial in scheduled to commence on November 21, 1988.

Defendant Westchester Colprovia is a small privately-held company whose principal business was the manufacture and sale of asphalt. Its headquarters and plant were located in Westchester. Westchester Colprovia was run essentially by one man, Robert S. Leo, whose father had been one of the founders of the company. Mr. Leo ran the company almost single-handedly and made all of its pricing and bidding decisions throughout the period covered by the indictment. Mr. Leo died in March 1986, before these proceedings began. Following his death, a caretaker management committee was appointed to run Westchester Colprovia's affairs and a determination was made by the owners to liquidate the business and dissolve the corporation. The company ceased all asphalt operations as of November 1987 when its plants and equipment were sold to third parties. The company currently exists solely for the purpose of winding up its affairs.

*Discussion*

Rule 11(b), Fed.R.Crim.P., provides that a defendant "may plead nolo contendere only with consent of the court ... after due consideration of the views of the parties and the interest of the public in the effective administration of justice." Acceptance of the plea "lies within the discretion of th[e] Court ..." *United States v. Burlington Industries, Inc.,* 1965 Trade Cas. ¶ 71,376 (CCH) (S.D.N.Y.1965) *quoting United States v. Safeway Stores, Inc.,* 20 F.R.D. 451, 452 (N.D.Tex.1957). "[L]ike the plea of guilty, it is an admission

of guilt for the purposes of the [criminal] case." *Hudson v. United States*, 272 U.S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347 (1926). However, while a guilty plea or conviction in an antitrust action can be used by plaintiffs in a subsequent civil suit as *prima facie* evidence of liability, a *nolo* plea has no such evidentiary value in subsequent suits. For this reason, the government seeks to prevent Westchester Colprovia from entering a *nolo* plea. In the government's view, such a plea would not be in the public interest since it would make it more difficult for New York State and the municipalities who were the alleged victims of this conspiracy to prosecute their civil suits and recover damages.

In enacting Rule 11 of the Federal Rules of Criminal Procedure, Congress' intent was clearly to encourage defendants to capitulate rather than proceed to trial in criminal antitrust cases by eliminating the *prima facie* effect of judgments entered on *nolo* pleas. *See Atlantic City Elec. Co. v. General Elec. Co.*, 207 F.Supp. 620, 626 (S.D.N.Y.1962). Congress' intent is further evidenced by the "consistent practice for many years of counsel and the courts of distinguishing between the two pleas [guilty and nolo], and Congress' reenactment in 1955 of the substance of Section 5 in Section 5(a) after the practice has been recognized for decades." *Atlantic City Elec.*, 207 F.Supp. at 626–27.

In *United States v. Standard Ultramarine & Color Co.*, 137 F.Supp. 167, 172 (S.D.N.Y.1955), the court outlined the following criteria to be used in determining whether a plea of *nolo* is in "the public interest": (1) the nature of the offense; (2) the size of the defendants; (3) the impact on the economy; (4) the deterrent effect; and (5) the views of the government. In addition, some courts have considered the potential conservation of judicial resources. *United States v. Charmer Industries, Inc.*, 1981–1 Trade Cas. (CCH) ¶ 64,145, at 76,863 (E.D.N.Y.1981) [available on WESTLAW, 1981 WL 2098] (*nolo* pleas offered by all defendants). Applying these criteria to the case at bar, it is clear that a *nolo* plea should be approved here.

While the charges lodged against Westchester Colprovia are very serious, it is clear that the company played at most only a very small role in the alleged conspiracy. The Bill of Particulars states that the alleged conspiracy involved rigged bids to at least 35 municipalities during the six-year period beginning in 1980. Moreover, Westchester Colprovia did not make any sales to any of the seven municipalities for resurfacing projects which, according to paragraph 6 of the Bill of Particulars dated August 10, 1987, is the only part of the conspiracy that is alleged to have occurred subsequent to 1984.

Westchester Colprovia's total annual revenues for its fiscal years from 1980 through 1985 ranged between $5.1 million and $6.6 million. Its highest pre-tax earnings were in 1984 when they totalled $130,523. Total salaries, including bonuses, for all officers ranged between $119,000 and $155,900 during these six years. Given the very small profits which Westchester Colprovia realized during the relevant years, the impact on the economy of its participation in the alleged conspiracy was apparently minimal.

Moreover, since the company has already sold its assets and is in the process of winding up its affairs, there can be no deterrent effect on this particular defendant by forcing it to go to trial or plead guilty, instead of *nolo contendre*. Finally, the death of Robert Leo, who ran Westchester Colprovia single-handedly and made all pricing decisions, makes it extremely difficult for the company to defend itself against the charges.

While the Court recognizes the seriousness of the charges in the indictment, the unique circumstances of Westchester Colprovia entitle it to plead *nolo contendre* in this proceeding.

So ordered.